# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHARLES CRANFIELD, THE CONDOMINIUMS AT NORTHPOINTE ASSOCIATION, and CHRISTINA ERMIDIS, for themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> -vs- <br><br> STATE FARM FIRE & CASUALTY COMPANY, <br><br> Defendant. | Case No. 1:16-cv-01273 <br><br> Hon. Christopher A. Boyko |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

State Farm respectfully submits this response to the Notice of Supplemental Authority filed by Plaintiffs on September 28, 2021 (Doc. 140). Plaintiffs suggest that an Illinois decision, *Sproull v. State Farm Fire and Cas. Co.*, ___ N.E.3d ___, 2021 WL 4314060 (Ill. Sept. 23, 2021), supports their opposition to State Farm's Motion for Summary Judgment (Docs. 130, 137). It does not.

The Court in *Sproull* decided a stand-alone question of law at the pleadings stage, namely, the interpretation of State Farm's Illinois homeowners policy under Illinois law. *See Sproull*, 2021 WL 4314060, at *1. Here, in contrast, State Farm has demonstrated that the undisputed facts as developed through discovery show that the claims of Plaintiff Charles Cranfield ("Cranfield") and The Condominiums at Northpointe Association ("Northpointe") are time-barred under Ohio law and that Northpointe's claim fails under Ohio law for additional reasons (including State Farm's full payment of the claim prior to litigation). *See* Doc. 130-1 at 11-30; Doc. 137 at 5-30.

In fact, to the extent *Sproull* is at all relevant here, it *supports* State Farm's Motion for Summary Judgment. In *Sproull*, the Court concluded that "State Farm has offered a ***perfectly reasonable*** interpretation of the policy" and that "several state and federal courts have agreed with

this position." 2021 WL 4314060, at *11 (emphasis added); *accord id.* at *14 (again characterizing State Farm's interpretation as "perfectly reasonable"). The Sixth Circuit reached the same conclusion, *i.e.*, that it is reasonable to interpret "ACV" as permitting depreciation of all estimated repair costs, including labor costs. *See Perry v. Allstate Indem. Co.*, 953 F.3d 417, 423 (6th Cir. 2020) (holding that insurers' "competing" interpretation of ACV was "reasonable"); *Cranfield*, 798 F. App'x at 930 (following *Perry*). As State Farm has shown, that holding precludes Plaintiffs as a matter of law from establishing the prerequisites for their fraudulent concealment tolling theory. *See* Doc. 130-1 at 17-19; Doc. 137 at 12-14. Simply put, there can be no viable claim of fraud or fraudulent concealment where the facts present nothing more than a dispute over competing, reasonable interpretations of contract language. *See* Doc. # 130-1 at 18-19 (citing, *e.g.*, *Blount Financial Services, Inc. v. Walter E. Heller & Co.*, 819 F.2d 151, 152-53 (6th Cir. 1987)).

*Sproull*'s reference to the Xactimate estimating software also does not help Plaintiffs, as they contend. *See* Doc. 140 at 1. State Farm's use of Xactimate and its depreciation practices in general have long been public knowledge. And State Farm's estimates have always shown precisely the amount of depreciation (if any) applied to each repair task on the estimate—including those tasks with embedded labor costs. Moreover, Cranfield was represented during the handling of his underlying insurance claims by a professional, public adjuster who uses Xactimate, and Northpointe was represented by a self-described expert in structural damage repair estimating (one of the attorneys for Plaintiffs in this case). *See* Doc. # 130-1 at 19-20, 26-27. For all of these reasons, neither of them can show that they *could not have discovered* the alleged wrongful conduct through the exercise of reasonable diligence, as their tolling theory requires. *See id.*

State Farm respectfully requests that the Court reject Plaintiffs' fraudulent concealment defense to the limitations provisions in their policies and grant summary judgment to State Farm.

Dated: October 4, 2021                                   Respectfully submitted,

/s/ Jacob L. Kahn

Karl A. Bekeny
Benjamin C. Sassé
Elisabeth C. Arko
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
T: 216.592.5000
F: 216.592.5009
karl.bekeny@tuckerellis.com
benjamin.sasse@tuckerellis.com
Elisabeth.arko@tuckerellis.com

Joseph A. Cancila, Jr.
Jacob L. Kahn (admitted *pro hac vice*)
Brian Neff (admitted *pro hac vice*)
Rachel F. Sifuentes (admitted *pro hac vice*)
Allison Siebeneck (admitted *pro hac vice*)
Riley Safer Holmes & Cancila, LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
T: 312.471.8700
F: 312.471.8701
jcancila@rshc-law.com
jkahn@rshc-law.com
bneff@rshc-law.com
rsifuentes@rshc-law.com
asiebeneck@rshc-law.com

*Attorneys for Defendant State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed a copy of the foregoing **STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** electronically using the Court's CM/ECF system, which will automatically generate notice of this filing to all counsel of record. Parties may access this filing using the Court's CM/ECF system.

Dated: October 4, 2021                                     /s/ *Jacob L. Kahn*