# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREA PERRY, NING XU, LORI FERGUSON, JASON BROWN, GABRIEL LADO, JOSEPHINE MANIACI, BRYON SMITH, and BRYAN MISKOVCH,** individually and on behalf all others similarly situated, | ) ) ) ) ) ) | **CASE NO. 1:16-cv-01522** **JUDGE CHRISTOPHER A. BOYKO** |
| **Plaintiffs,** | ) ) ) | |
| vs. | ) | |
| **ALLSTATE INDEMNITY COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** | | |
| **Defendants.** | | |

## CLASS ACTION STIPULATION OF SETTLEMENT AGREEMENT

# TABLE OF CONTENTS

1.    RECITALS ................................................................................................................. 2

      The *Perry* Suit .................................................................................................... 2

      The *Lado* Suit ................................................................................................... 4

      The *Maniaci* Suit ............................................................................................. 5

      The *Ferguson* Suit ........................................................................................... 6

      Settlement of the *Perry et al.* Suits ............................................................... 6

2.    DEFINITIONS ........................................................................................................... 8

3.    CONDITIONS ............................................................................................................ 14

4.    RELIEF FOR THE CLASS ....................................................................................... 17

5.    NOTICE ..................................................................................................................... 19

6.    SUBMISSION OF CLAIM FORMS ......................................................................... 22

7.    CLAIMS ADMINISTRATION AND PAYMENTS .................................................. 23

8.    COVENANTS, REPRESENTATIONS AND WARRANTIES .................................. 28

9.    RELEASES ................................................................................................................. 29

10.   REQUESTS FOR EXCLUSION ............................................................................... 32

11.   OBJECTIONS ............................................................................................................ 33

12.   FINAL JUDGMENT ................................................................................................. 34

13.   ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS .............................. 37

14.   TERMINATION RIGHTS ......................................................................................... 39

15.   DENIAL OF LIABILITY .......................................................................................... 41

16.   CONFIDENTIALITY AGREEMENT ....................................................................... 41

17.   COMMUNICATIONS ............................................................................................... 43

18.   MISCELLANEOUS .................................................................................................. 43

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANDREA PERRY, NING XU, LORI FERGUSON, JASON BROWN, GABRIEL LADO, JOSEPHINE MANIACI, BRYON SMITH, and BRYAN MISKOVCH,** individually and on behalf all others similarly situated, | ) ) ) ) ) ) ) | **CASE NO. 1:16-cv-01522**  **JUDGE CHRISTOPHER A. BOYKO** |
| **Plaintiffs,** | ) ) | |
| vs. | ) | |
| **ALLSTATE INDEMNITY COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** | | |
| **Defendants.** | | |

## CLASS ACTION STIPULATION OF SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Andrea Perry ("Plaintiff Perry"), Ning Xu ("Plaintiff Xu"), Lori Ferguson ("Plaintiff Ferguson"), Jason Brown ("Plaintiff Brown"), Gabriel Lado ("Plaintiff Lado"), Josephine Maniaci ("Plaintiff Maniaci"), Bryon Smith ("Plaintiff Smith"), and Bryan Miskovch ("Plaintiff Miskovch") (collectively, "Plaintiffs"), individually and on behalf of themselves and the Settlement Class as defined herein, and Defendants Allstate Indemnity Company ("Allstate Indemnity"), Allstate Vehicle and Property Insurance Company ("Allstate Vehicle"), Allstate Insurance Company ("Allstate Insurance"), and Allstate Property and Casualty Insurance Company ("Allstate Property") (collectively, "Defendants") on behalf of themselves and certain Allstate-affiliated entities identified herein, that, in consideration of the promises and covenants set forth in this Stipulation and Settlement Agreement ("Agreement" or "Settlement Agreement") and upon entry by the Court

of an order of Final Judgment in this lawsuit (the "Action"), the matters raised by Plaintiffs against Defendants (collectively, the "Parties") are settled, compromised, and dismissed on the merits and with prejudice according to the terms and conditions set forth in this Agreement.

## 1. RECITALS

### The *Perry* Suit

1.1     On May 16, 2016, Plaintiff Perry filed this putative class action (the "*Perry* Suit") alleging that her own insurance carrier (Allstate Indemnity) and eight affiliated companies (Allstate Property, Allstate Insurance, Allstate Vehicle, Encompass Home & Auto Insurance Company, Encompass Insurance Company of America, Encompass Indemnity Company, Encompass Property & Casualty Insurance Company, and Esurance Insurance Company (collectively the "Perry Allstate Defendants"), improperly deducted Nonmaterial Depreciation from actual cash value ("ACV") payments when adjusting claims for structural losses under personal lines insurance policies (the "Perry Complaint"). Plaintiff Perry alleged a single breach of contract claim on behalf of herself and a putative class.

1.2     On July 18, 2016, after removal to the Northern District of Ohio, the Perry Allstate Defendants filed a motion to dismiss, arguing: (a) Ohio law permits depreciation of replacement cost, including non-materials (*i.e.*, labor and GCOP); (b) Plaintiff Perry fails to allege any damages or violations of specific provisions of the policy; and (c) Plaintiff Perry lacks standing to pursue claims against any Allstate affiliated-entity other than Allstate Indemnity, which issued her homeowners policy.

1.3     On December 8, 2016, the District Court issued an order *sua sponte* certifying a question to the Ohio Supreme Court as to the propriety of depreciating non-materials in calculating ACV under Ohio law.

DocuSign Envelope ID: 8C41F31F-4914-4B35-B8BD-31F37828F4C0

1.4     On February 22, 2017, the Ohio Supreme Court issued an order, with three dissents, determining that it would not answer the certified question.

1.5     On November 26, 2018, the District Court granted the Perry Allstate Defendants' motion to dismiss with prejudice and entered judgment for the Perry Allstate Defendants.

1.6     On December 26, 2018, Plaintiff Perry filed a notice of appeal to the Sixth Circuit Court of Appeals.

1.7     On March 18, 2020, the Sixth Circuit affirmed dismissal with respect to eight of the Perry Allstate Defendants, and reversed the District Court's dismissal of Allstate Indemnity.

1.8     On July 21, 2020, the District Court dismissed eight of the Perry Allstate Defendants.

1.9     On March 11, 2021, Allstate Indemnity filed a motion for judgment on the pleadings, arguing:  (i) Plaintiff Perry lacks standing to prosecute this case due to an open and active Chapter 13 bankruptcy proceeding that was not disclosed until her deposition, and therefore the bankruptcy trustee is the real party in interest, and (ii) the doctrine of judicial estoppel bars Plaintiff Perry's claim, because she concealed the *Perry* Suit (*i.e.*, an asset) from the Bankruptcy Court for more than four years.

1.10    On April 16, 2021, Plaintiff Perry moved for leave to file a Second Amended Complaint to add an additional named plaintiff (Plaintiff Xu).

1.11    On April 30, 2021, Allstate Indemnity filed its opposition to Plaintiff Perry's motion for leave to amend, arguing, *inter alia*, that:  (i) Plaintiff Perry has no standing to seek leave and (ii) the motion for leave is futile, because Plaintiff Xu's claim is barred by the applicable one-year contractual limitation period in her homeowner's policy.

1.12    On August 12, 2021, the District Court granted Plaintiff Perry's motion for leave, and denied Allstate Indemnity's motion for judgment on the pleadings.

1.13    On August 18, 2021, Plaintiff Perry filed her second amended complaint.

1.14    On September 1, 2021, Allstate Indemnity filed its answer and additional defenses. Thereafter, the parties commenced fact and expert discovery.

1.15    On October 18, 2021, the parties filed a joint motion to stay to afford sufficient time to explore potential settlement and mediation, and the District Court granted the stay.

1.16    On January 18, 2023, Plaintiff Perry filed an unopposed motion to consolidate, for settlement purposes only, three cases pending in the Northern District of Ohio, and join them with the *Perry* Suit: *Lado v. Allstate Vehicle & Property Insurance Company*, Case No. 1:20-cv-01417 (the "*Lado* Suit"); *Maniaci v. Allstate Insurance Company*, Case No. 1:20-cv-00613 (the "*Maniaci* Suit"); and *Ferguson-Luke v. Allstate Property & Casualty Insurance Company*, Case No. 1:20-cv-807 (the "*Ferguson* Suit").

1.17    On January 20, 2023, the Court granting the unopposed motion to consolidate and join.

**The *Lado* Suit**

1.18    On March 20, 2020, Plaintiff Lado filed a class action suit in Ohio federal court, alleging that his insurance carrier (Allstate Vehicle) improperly depreciates non-materials in calculating ACV for Ohio homeowner's claims.  Plaintiff Lado alleged a single breach of contract claim on behalf of himself and a putative class.

1.19    On September 4, 2020, Plaintiff Lado filed a First Amended Complaint, adding allegations regarding the purported tolling of the limitations period since the filing of the *Perry* Suit.

4

DocuSign Envelope ID: 8C41F31F-4914-4B36-B8DD-31537828F4C0

1.20     On September 18, 2020, Allstate Vehicle filled its answer and affirmative defenses to the First Amended Complaint.  Thereafter, the parties commenced fact and expert discovery.

1.21     On October 18, 2021, the parties filed a joint motion to stay to afford the parties sufficient time to explore potential settlement, and the District Court granted the stay.

1.22     On January 18, 2023, Plaintiff Lado moved to consolidate and join the *Lado* Suit with the *Perry* Suit.

1.23     On January 20, 2023, the *Lado* Suit was consolidated and joined with the *Perry* Suit.

1.24     On February 20, 2023, a Second Amended Class Action Complaint was filed adding Bryon Smith as an additional Plaintiff.

**The *Maniaci* Suit**

1.25     On March 23, 2020, Plaintiff Maniaci filed a class action suit in Ohio federal court alleging that her insurance carrier (Allstate Insurance) improperly depreciates non-materials in calculating ACV for Ohio homeowner's claims.  Plaintiff Maniaci alleged a single breach of contract claim on behalf of herself and a putative class.

1.26     On August 21, 2020, Plaintiff Maniaci filed her First Amended Complaint, adding allegations regarding the purported tolling of the limitations period since the filing of the *Perry* Suit.

1.27     On September 24, 2020, Allstate Insurance filed its answer and affirmative defenses to the First Amended Complaint.  Thereafter, the parties commenced fact and expert discovery.

1.28     On October 18, 2021, the parties filed a joint motion to stay to afford the parties sufficient time to explore potential settlement, and the District Court granted the stay.

1.29     On January 18, 2023, Plaintiff Maniaci moved to consolidate and join the *Maniaci* Suit with the *Perry* Suit.

1.30    On January 20, 2023, the *Maniaci* Suit was consolidated and joined with the *Perry* Suit.

1.31    On February 20, 2023, a Second Amended Class Action Complaint was filed adding Bryan Miskovch as an additional Plaintiff.

**The *Ferguson* Suit**

1.32    On April 15, 2020, Plaintiff Ferguson filed a class action suit in Ohio federal court alleging that her insurance carrier (Allstate Property) improperly depreciates non-materials in calculating ACV for Ohio homeowner's claims.  Plaintiff Ferguson alleged a single breach of contract claim on behalf of herself and a putative class.

1.33    On June 4, 2020, Allstate Property moved to dismiss or strike Plaintiff Ferguson's class claims..

1.34    On June 25, 2020, Plaintiff Ferguson moved to amend her complaint to add Plaintiff Brown as an additional named plaintiff, as his claim was timely brought under the one-year contractual limitation.  The First Amended Complaint alleged that the limitations period had purportedly been tolled since the filing of the *Perry* Suit.

1.35    On July 9, 2020, Allstate Property filed its answer and affirmative defenses to the First Amended Complaint.  Thereafter, the parties commenced fact and expert discovery.

1.36    On October 18, 2021, the parties filed a joint motion to stay to afford the parties sufficient time to explore potential settlement, and the District Court granted the stay.

1.37    On January 18, 2023, Plaintiff Ferguson moved to consolidate and join the *Ferguson* Suit with the *Perry* Suit.

1.38    On January 20, 2023, the *Ferguson* Suit was consolidated and joined with the *Perry* Suit.

**Settlement of the *Perry et al.* Suits**

DocuSign Envelope ID: 8C41F31F-4914-4B36-B8BD-31F37828F460

1.39    By March 2022, the Parties' attorneys were negotiating a proposed global settlement on behalf of a class of Ohio policyholders against Allstate Indemnity, Allstate Vehicle, Allstate Insurance, Allstate Property, and other Allstate affiliated insurers.

1.40    On July 7, 2022, the Parties engaged in formal mediation before mediator Carl Stich and reached agreement on certain material terms.  Thereafter, the Parties continued to engage in settlement discussions without the mediator.

1.41    On December 20, 2022, the Parties reached agreement on the outstanding issues of attorneys' fees and service awards.  Consistent with the highest ethical standards, the Parties did not negotiate or resolve the issue of attorneys' fees prior to the agreement regarding all aspects of class wide relief, including payment to and release granted by the Settlement Class.

1.42    Class Counsel have significant experience with Nonmaterial Depreciation claims, having represented insureds in numerous putative and certified class actions pending in Ohio and throughout the United States.  Based on this and other class action experience, Class Counsel believe that Plaintiffs' claims and allegations relating to Nonmaterial Depreciation asserted in the Action have significant merit.  However, prosecuting such claims through fact and expert discovery, class certification, dispositive motions, trial, and appeal(s) would involve considerable time, expense, and uncertainty as to how the Court would rule on certain issues.

1.43    Class Counsel concluded that it is in the best interests of the Settlement Class to resolve the claims asserted by Plaintiffs against Defendants in the Action on the terms and conditions set forth in this Agreement.  After extensive consideration and analysis of the factual and legal issues presented in the Action, and extensive settlement negotiations, Class Counsel reached the conclusion that the substantial benefits that Class Members will receive as a result of this Settlement are an excellent result in light of the risks and uncertainties at the time of settlement,

and the time and expense that would be necessary to prosecute the Action through class certification, trial, and any appeal(s) that might be taken; and the likelihood of success at trial.

1.44  Defendants have denied and still deny liability, wrongdoing, and damages, with respect to the matters alleged in the Action; nonetheless, Defendants have agreed to enter into this Agreement to avoid the uncertainty, costs, and delay of litigation. This Agreement is for settlement purposes only; neither the fact of, nor any provision contained in it, nor any negotiations or proceedings related thereto, nor any action taken hereunder shall constitute, or be construed as, any admission of the validity of any claim alleged in this Action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Defendants or any Allstate affiliated entity.

1.45  The Parties, through their respective counsel, agree that the Action be settled on the following terms and conditions, subject to approval of this Court after hearing, as provided in this Agreement.

## 2.      DEFINITIONS

In addition to terms defined elsewhere in this Agreement, the following terms shall be defined as follows:

2.1  **Action.**  "Action" means the lawsuit captioned *Perry et al. v. Allstate Indem. Co. et al.*, No. 1:16-cv-01522 (N.D. Ohio)

2.2  **ACV Payment.**  "ACV Payment" is calculated by estimating the replacement cost value of the covered damage for a Structural Loss claim and subtracting the estimated Depreciation, including Nonmaterial Depreciation, and any applicable deductible.

2.3  **Administrator.**  "Administrator" means Epiq Systems, Inc., which is a third-party administrator retained by Defendants to assist in administering and implementing the Settlement.

2.4 **Agreement, Proposed Settlement, Settlement, and Settlement Agreement.** "Agreement," "Proposed Settlement," "Settlement," and "Settlement Agreement" means this Class Action Stipulation of Settlement Agreement, including all exhibits hereto.

2.5 **Allstate.** "Allstate" means Allstate Insurance, Allstate Indemnity, Allstate Vehicle, Allstate Property, Allstate Fire and Casualty Insurance Company, North Light Specialty Insurance Company, Encompass Insurance Company, Encompass Indemnity Company, Encompass Property and Casualty Company, Encompass Insurance Company of America, Encompass Home and Auto Insurance Company, and Esurance Insurance Company.

2.6 **Claim Form.** "Claim Form" means the pre-addressed form that will be appended to the Class Notice, which a potential Class Member must complete and timely submit, subject to the provisions of this Agreement, to be eligible for a Claim Settlement Payment. A copy of a blank Claim Form is attached as **Exhibit C.**

2.7 **Claim Settlement Payment.** "Claim Settlement Payment" means the sole payment to which a Class Member filing a valid and timely Claim Form may be entitled, as described in Section 6.

2.8 **Claim Deadline.** "Claim Deadline" means the date by which a Claim Form must be postmarked or uploaded to be considered timely, as further provided in Section 6.2.

2.9 **Class Counsel.** "Class Counsel" means individually and collectively, the attorneys and law firms approved and appointed by the Court to represent the Settlement Class, which are:

Erik D. Peterson (*pro hac vice*)
Erik Peterson Law Offices, PSC
110 W. Vine Street, Suite 300
Lexington, KY 40507
Tel: 800-614-1957
erik@eplo.law

Stephen G. Whetstone (OH# 0088666)
WHETSTONE LEGAL, LLC
2 North Main Street, Suite 2
P.O. Box 6
Thornville, OH 43076
Tel: 740-785-7730
Fax: 740-205-8898
steve@whetstonelegal.com

James A. DeRoche (OH #0055613)
GARSON JOHNSON LLC
2900 Detroit Avenue
Van Roy Building, Second Floor
Cleveland, Ohio 44113
Tel: 216-696-9330
Fax: 216-696-8558
jderoche@garson.com

Patrick J. Perotti (OH # 0005481)
DWORKEN & BERNSTEIN CO., LPA
60 South Park Place
Painesville, OH 44077
Tel: 440-352-3391
Fax: 440-352-3469
pperotti@dworkenlaw.com

2.10    **Class Member.**  "Class Member" means any Person who is included within the definition of the Settlement Class, and who does not timely and properly request exclusion from the Settlement Class, as provided in Section 10.

2.11    **Class Notice.**  "Class Notice" means the notice of this Settlement, after the Court has preliminarily approved the Settlement, which is mailed to potential Class Members as provided in Section 5.2, and it shall be in the form and substance of **Exhibit B**, without material alteration.

2.12    **Class Period.**  "Class Period" means May 16, 2015 through June 30, 2021.

2.13    **Class Representatives.**  "Class Representatives" means Plaintiff Perry, Plaintiff Xu, Plaintiff Ferguson, Plaintiff Brown, Plaintiff Lado, Plaintiff Maniaci, Plaintiff Smith, and Plaintiff Miskovch.

2.14    **Court.**  "Court" means the United States District Court for the Northern District of Ohio, the Honorable Christopher Boyko presiding.

2.15    **Covered Loss.**  "Covered Loss" means a first party insurance claim for Structural Loss that: (a) occurred during the Class Period, and (b) resulted in an ACV Payment by Allstate.

2.16    **Defendants.  "Defendants"** means Allstate Indemnity, Allstate Vehicle, Allstate Insurance, and Allstate Property.

2.17    **Defendants' Counsel:** "Defendants' Counsel" means:

Mark L. Hanover
Kristine M. Schanbacher

Gregory R. Farkas (0069109)
FRANTZ WARD LLP

DocuSign Envelope ID: 8C41F31F-A614-4B36-B8B9-31F3F92854C0

| DENTONS US LLP | 200 Public Square |
|---|---|
| 233 S. Wacker Drive, Suite 5900 | Suite 3000 |
| Chicago, IL 60606 | Cleveland, Ohio 44114 |
| Tel: 312-876-3453 | Tel: 216-515-1628 |
| Fax: 312-876-7934 | Fax: 216-515-1650 |
| mark.hanover@dentons.com | gfarkas@frantzward.com |
| kristine.schanbacher@dentons.com | |

2.18    **Depreciation.**  "Depreciation" means the amount subtracted from the estimated replacement cost value to calculate the actual cash value, reflecting the reduction in value due to the age, condition, wear and tear, and/or obsolescence of item(s) of the damaged property.

2.19    **Effective Date.**  "Effective Date" shall be the first date on which all of the following conditions have occurred:

(a)  The Parties have executed this Agreement;

(b)  No Party has terminated the Agreement;

(c)  The Court has entered the Preliminary Approval Order substantially the same as the attached **Exhibit A**;

(d)  The Court has entered a Final Judgment Order substantially the same as the attached **Exhibit D**, approving this Agreement and the Proposed Settlement, releasing all of the Released Persons from all of the Released Claims, and dismissing the Action with prejudice and without leave to amend; and

(e)  Either (i) the time to file an appeal from the Final Judgment has expired (without the filing of any appeals) or (ii) if any appeal has been taken from the Final Judgment, then the date on which all appeals therefrom, including petitions or any other form of judicial review, have been finally disposed of in a manner that affirms the Final Judgment without material alteration.

2.20    **Final Approval Hearing.**  "Final Approval Hearing" means the fairness hearing the Court will convene to consider whether the Agreement is fair, reasonable, and adequate, and whether the Final Judgment should be entered without material alteration.

2.21    **Final Judgment.**  "Final Judgment" means the order and judgment to be entered by the Court substantially the same in form and content as **Exhibit D** without material alteration (as reasonably determined by Defendants or Plaintiffs).  If Defendants or Plaintiffs reasonably contend that there is a material alteration, then such party shall immediately terminate this Agreement as provided for herein.

2.22    **Legally Authorized Representative.** "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Class Member's estate; a guardian, conservator, attorney, or next friend of an incapacitated Class Member; or any other legally appointed Person or entity responsible for the handling of the business affairs of a Class Member, as established by written evidence.

2.23    **Neutral Evaluator.** "Neutral Evaluator" means the final and binding arbiter of any dispute concerning a Class Member's eligibility for or amount of any Claim Settlement Payment, as set forth in Sections 7.11, 7.12 and 7.13; and Stephen Williams will serve as the Neutral Evaluator.

2.24    **Nonmaterial Depreciation.** "Nonmaterial Depreciation" means Depreciation of labor costs, overhead and profit, and/or other non-material items included within Xactimate® estimating software, and specifically including Depreciation resulting from the application of either the "depreciate removal," "depreciate non-material" and/or "depreciate O&P" depreciation option settings.

2.25    **Parties.** "Parties" means Plaintiffs and Defendants.

2.26    **Person.**  "Person" means any natural person, individual, corporation, limited liability company, association, partnership, trust, or any other type of legal entity.

2.27    **Plaintiffs.** "Plaintiffs" means Plaintiff Perry, Plaintiff Xu, Plaintiff Ferguson, Plaintiff Brown, Plaintiff Lado, Plaintiff Maniaci, Plaintiff  Smith, and  Plaintiff Miskovch, individually and as representatives of the Settlement Class, as the context may indicate.

2.28    **Preliminary Approval.** "Preliminary Approval" means the Preliminary Approval Order in the same form and substance of **Exhibit A** without material change (as reasonably determined by Defendants or Plaintiffs) to be entered by the Court, as provided in Section 3.2.  If

Defendants or Plaintiffs reasonably contend there is a material change, then such party may immediately terminate this Agreement as provided for herein.

2.29 **Released Claims.** "Released Claims" means the claims released by Final Judgment, as defined in Section 9.1.

2.30 **Released Persons.** "Released Persons" means (i) Allstate and all its past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (ii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i).

2.31 **Releasing Persons.** "Releasing Persons" mean Plaintiffs and all Class Members who do not properly and timely opt out of the Settlement Class, and their respective spouses or domestic partners, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

2.32 **Settlement Class.** "Settlement Class" means all policyholders, (except for those explicitly excluded in Section 2.31), under any property insurance policy issued by Allstate, who made:  (i) a Structural Loss claim for property located in the State of Ohio between May 16, 2015 through June 30, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld.

2.33 The Settlement Class does not include:

      2.33.1 Policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor;"

DocuSign Envelope ID: 8C41F31F-A614-4B36-B8B9-31F3792854C0

2.33.2    Policyholders who received one or more payments for a claim that exhausted the applicable limits of insurance;

2.33.3    Policyholders whose claims were denied or abandoned without an ACV Payment for any reason;

2.33.4    Allstate and its officers and directors;

2.33.5    Members of the judiciary and their staff to whom this Action is assigned and their immediate families; and

2.33.6    Class Counsel and their immediate families.

2.34    **Structural Loss.** "Structural Loss" means physical damage to a home, building, manufactured home, condominium, rental dwelling, or other structure in Ohio while covered by a homeowners residential, manufactured home, condominium, dwelling, or rental property insurance policy issued by Allstate.

2.35    **Unknown Claim.** "Unknown Claim" means claims arising out of facts found hereafter to be other than or different from facts now known or believed to be true, relating to any matter covered by this Agreement, and as provided in Section 9.2.

## 3. CONDITIONS

3.1    The Settlement is expressly contingent upon the satisfaction in full of the material conditions set forth below, including all other terms and conditions of this Agreement.

3.2    **Condition No. 1: Approval**. The Settlement must be approved by the Court in accordance with the following steps:

3.2.1    **Motion for Preliminary Approval**. After good faith consultation with Defendants' Counsel, Class Counsel, after execution of this Agreement by both Parties, will file with the Court a motion for preliminary approval, no later than the Court ordered deadline of February 21, 2023. The motion for preliminary approval shall include a proposed Preliminary Approval Order, a Class Notice, a Claim Form, Postcard Notice and a proposed Final Judgment Order, all substantially in form and content as **Exhibits A through E**. The Parties shall take reasonable steps to secure expeditious entry by the Court of the Preliminary Approval Order and shall request that the Court schedule a Final Approval Hearing no earlier than one-

hundred and twenty (120) days after entry of the Preliminary Approval Order.

3.2.2   **Entry of Preliminary Approval Order**. The Court enters a Preliminary Approval Order without material alteration to **Exhibit A**, which shall, among other things:

a.   Preliminarily approve the Settlement as fair, reasonable, and adequate and approve selection of the Administrator;

b.   Preliminarily certify the Settlement Class for purposes of settlement, approve Plaintiff Perry, Plaintiff Xu, Plaintiff Ferguson, Plaintiff Brown, Plaintiff Lado, Plaintiff Maniaci, Plaintiff Smith, and Plaintiff Miskovch as the class representatives for the Settlement Class, and appoint Class Counsel;

c.   Order the issuance of the Class Notice, Claim Form, and Postcard Notice to potential Class Members pursuant to this Agreement, and determine that such notice complies with all requirements, including, but not limited to, Rule 23 and the Due Process Clause of the United States Constitution, and set the Claim Deadline;

d.   Appoint as Epiq Systems, Inc. the Administrator;

e.   Rule that the Administrator need not mail additional rounds of notice to potential Class Members or re-mail any returned notices, other than to the extent as required in Sections 5.3-5.5;

f.   Schedule a Final Approval Hearing to be held no sooner than one-hundred and twenty (120) days after entry of the Preliminary Approval Order to consider whether the Settlement should be finally approved by the Court;

g.   Require each person within the Settlement Class who wishes to exclude themselves to mail an appropriate and timely written request for exclusion by the opt out deadline in the Preliminary Approval Order, and rule that any Class Member that fails to do so shall be bound by all proceedings, orders, and judgments in this matter, which will have preclusive effect in all pending or future lawsuits or other proceedings, except that Allstate, in its sole discretion, may allow a Class Member who does not timely request exclusion to opt out up to and including the date of the Final Approval Hearing;

h.   Require each Class Member who wishes to object to the fairness, reasonableness or adequacy of this Agreement, to file with the Court and mail to the Administrator, no later than thirty (30) days

15

before the Final Approval Hearing, a notice of intention to object, and require that any Class Member who wishes to appear at the Final Approval Hearing regarding their objection, to file a notice of intent to appear together with copies of any papers the Class Member intends to present to the Court in connection with this Agreement, or be forever barred from objecting;

i.   Provide that the Final Approval Hearing may take place, at the sole discretion of the Court, via telephone or video, and provide that any Class Member who files a notice of intent to appear shall be given the necessary information to access the telephone or video hearing;

j.   Preliminarily enjoin all Class Members, who have not timely and properly excluded themselves from the Settlement Class, from: (i) filing, commencing, prosecuting, maintaining, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction, individually or as a class action on behalf of any Class Members who have not timely excluded themselves, based on or arising from the Released Claims; and (ii) attempting to effect an opt-out class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on or arising from the Released Claims;

k.   Authorize the Parties to take all necessary and appropriate steps to implement the Settlement as set forth in this Agreement; and

l.   Such additional provisions as provided in **Exhibit A** as necessary to implement this Settlement, and to issue related orders to effectuate the preliminary approval of the Agreement.

3.3   **Final Approval Hearing**. In connection with the motion for preliminary approval, the Parties shall request that the Court schedule and conduct a Final Approval Hearing not less than one hundred and twenty (120) days after entry of the Preliminary Approval Order, at which time the Court will consider whether the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Class Counsel, after good faith consultation with Defendants' Counsel, shall request that, at or after the Final Approval Hearing, the Court: (i) enter the Final Judgment, granting final approval of the Settlement and dismissing, with prejudice, the claims of the Plaintiffs and the Settlement Class in this Action; (ii) determine the attorneys' fees

and expenses that should be awarded to Class Counsel as contemplated in the Agreement; and (iii) determine the service awards, if any, that should be issued to the Plaintiffs, as contemplated by the Agreement.

3.4 **Condition No. 2: Finality of Judgment**. The Court shall enter a Final Judgment substantially similar in form and substance as **Exhibit D,** and the Effective Date must occur.

## 4. RELIEF FOR THE CLASS

4.1 In compromise of disputed claims and in consideration of this Agreement, and additional consideration described in this Agreement, the Parties have agreed that subject and pursuant to the terms of this Agreement, in exchange for a release of the Released Persons of all Released Claims, entry of Final Judgment as contemplated herein, and dismissal with prejudice of the Action, Defendants will pay the following:

4.1.1 Subject to the terms, limits, conditions, coverage limits, and deductibles of policies, Claim Settlement Payments to Class Members who timely file valid and completed Claim Forms by the Claim Deadline shall be equal to 100% of the net estimated Nonmaterial Depreciation that was withheld from ACV Payments and not subsequently paid, plus simple interest calculated at one-half the annual Ohio legal rate of interest for the year when the loss was reported, and the annual Ohio legal rate of interest for subsequent years after the loss;

4.1.2 For Class Members identified under subsection 4.1.1 for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid in full, payment shall be according to the below schedule:

| Amount of nonmaterial released depreciation: | Settlement Payment |
|---|---|
| $1 - $5,000 | $25 |
| $5,001 - $10,000 | $50 |
| $10,001 - $20,000 | $100 |
| $20,001 - $40,000 | $200 |
| $40,001 - $60,000 | $300 |
| $60,001 - $80,000 | $400 |
| Greater than $80,000 | $500 |

17

4.1.3    For Class Members with a Structural Loss claim made between May 16, 2015 and March 20, 2019 under property insurance policies issued by Allstate Property, Allstate Insurance, or Allstate Vehicle, Defendants will pay 50% of the amounts set forth in Sections 4.1.1 and 4.1.2;

4.1.4    For Class Members with a Structural Loss claim under property insurance policies issued by North Light Specialty Insurance Company, Encompass Home and Auto Insurance Company, Encompass Indemnity Company, Encompass Insurance Company of America, Esurance Insurance Company, Allstate Fire and Casualty Insurance Company, Encompass Property and Casualty Company, or Encompass Insurance Company, Defendants will pay 50% of the amounts set forth in Sections 4.1.1 and 4.1.2;

4.1.5    Subject to the conditions set forth in this Agreement, attorneys' fees and reasonable litigation expenses totaling $5,000,000 to Class Counsel;

4.1.6    Subject to the conditions set forth in this Agreement, service awards, of $7,500.00 each to Plaintiff Perry, Plaintiff Xu, Plaintiff Ferguson, Plaintiff Brown, Plaintiff Lado, Plaintiff Maniaci, Plaintiff Smith, and Plaintiff Miskovch;

4.1.7    The costs of Class Notice and settlement administration, as provided in this Agreement, except for the cost of Postcard Notice, as provided in Section 5.6 Class Counsel shall pay for the Postcard Notice;

4.1.8    The reasonable fees incurred by the Neutral Evaluator, as provided in this Agreement.

4.2    The foregoing Claim Settlement Payments are the only payments to which Class Members will be entitled under the Proposed Settlement. Claim Settlement Payments are deemed to be inclusive of claims for any potentially applicable damages, penalties, interest, and fees, subject to the payments of attorneys' fees and expenses and any service award required to be paid separately as provided for herein. All Claim Settlement Payments to Class Members, exclusive of interest payments, are subject to the terms, limits, conditions, coverage limits, and deductibles of their respective policies. Any rights to Claim Settlement Payments under this Agreement shall inure solely to the benefit of Class Members and are not transferable or assignable, unless the insurance claim was assigned by the Class Member before the date of Preliminary Approval in the

ordinary course to a contractor who performed or intends to perform repair or replacement work to which the insurance claim relates, and any such assignee submits written evidence of assignment and agrees to indemnify Allstate for any loss should the assignor-policyholder also file a Claim Form for, or dispute payment to the assignee-contractor of, a Claim Settlement Payment for the assigned Covered Loss.

4.3     Until such time as the foregoing payments are made, all sums to be paid by Defendants shall remain under the control and ownership of Defendants or the Administrator. Neither Class Members nor any other Person shall have any right to or ownership or expectation interest in Claim Settlement Payments or any other sums unless and until timely and eligible claims of Class Members have been submitted and checks in payment of same have been issued and timely negotiated by Class Members, as described in this Agreement.

**5.     NOTICE**

5.1     CAFA. Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*("CAFA"), within ten (10) days after filing of Plaintiffs' motion for preliminary approval, Defendants shall send written notice of the Settlement to the Attorney General of the United States, any appropriate state department(s) of insurance, and any other appropriate government agency. The Parties agree that the foregoing notices will satisfy the notice obligations of CAFA.

5.2     **Class Notice**. As soon as practicable after Preliminary Approval of the Proposed Settlement, but in any event no more than thirty (30) days after entry of the Preliminary Approval Order, Defendants shall conduct a reasonable search of its records and provide to the Administrator for each Person reasonably believed to be a potential Class Member, the following information, if reasonably available:  full name, last known mailing address, date of Covered Loss during the Class Period, policy number, claim number for the Covered Loss, as well as any other information reasonably required to administer the Settlement.

5.3    The Administrator shall mail a copy of the Class Notice and Claim Form in a form and content substantially similar to **Exhibits B and C** by first-class U.S. Mail (postage prepaid) to each potential Class Member identified by Defendants.  Prior to mailing, the Administrator shall run the addresses one time through the National Change of Address database in order to obtain any updated addresses for potential Class Members.

5.4    The Administrator shall complete mailing of the Class Notice and Claim Form to potential Class Members not less than seventy-five (75) days prior to the Final Approval Hearing. Any material change(s) to the Class Notice or Claim Form agreed to by the Parties after entry of the Preliminary Approval Order must be approved by the Court prior to mailing.

5.5    If a Class Notice and Claim Form sent to any potential Class Member is returned as undeliverable, the Administrator will log such return as undeliverable and provide copies of the log to Defendants and Class Counsel as requested.  If the mailing is returned to the Administrator with a forwarding address, the Administrator will forward the mailing to that address.  For other returned mailings, the Administrator will run the name and address one time through a single commercial "skip tracing" database (*e.g*., Accurint) chosen by the Administrator, and should the commercial database show a more current address, the Administrator shall re-mail the returned Class Notice and Claim Form to the more current address.

5.6    **Postcard Notice**. No later than thirty (30) days before the Claim Deadline, the Administrator shall mail a reminder in the form attached as **Exhibit E** (the "Postcard Notice"), containing the following information:  the Claim Form submission deadline, the Settlement Website, and how to request a copy of the Claim Form.  The Postcard Notice will be mailed to each Class Member who has not submitted a Claim Form and who has not timely and properly excluded themselves from the Settlement Class.  The entire cost of the Postcard Notice will be

paid by Class Counsel. The Administrator will bill Class Counsel directly for the costs of the Postcard Notice.

5.7    It is agreed by the Parties that the procedures set forth in the preceding paragraphs constitute reasonable and best practicable notice under the circumstances and constitute an appropriate and sufficient effort to locate current addresses for Class Members. No further efforts to locate or to find a more current address for Class Members are required.

5.8    **Settlement Website**. No later than the mailing of the Class Notice and Claim Form, the Settlement Administrator shall establish a website containing copies of the Agreement and Exhibits, the Preliminary Approval Order, and such other documents and information about the Settlement as Class Counsel and Defendants' Counsel agree upon. The settlement website must be optimized for mobile devices such as cellphones, tablets and other mobile devices. The Claim Form shall be available to download or print from the Settlement website. Class Members shall have the option to submit the data/information required in the Claim Form through the Settlement Website.

5.9    The Settlement Website shall use a Uniform Resource Locator that identifies the internet address as www.perrydepreciationsettlement.com, or such other URL as Class Counsel and Defendants' Counsel agree upon. The Settlement Website shall not include any advertising and shall not bear or include any logos or trademarks of Allstate. The Settlement website shall cease to operate and the Administrator shall remove all information from the Settlement Website no later than when the Administrator closes the account as provided in Section 7.9.

5.10    **Toll-free Number**. No later than the mailing of the Class Notice, the Administrator shall establish a toll-free phone number, with script recordings of information about the Settlement, including information about how to obtain a Claim Form. The Administrator shall send a copy of

the Class Notice and/or Claim Form upon request of any Class Member(s).  The phone number shall remain open and accessible through the Claim Deadline and allow for a Class Member to leave a recorded message.  Except for requests for the Class Notice or Claim Form, the Administrator will promptly advise Class Counsel of recorded messages left by any Class Member concerning the Action and/or the Settlement, or direct any Class Member with questions that cannot be answered to Class Counsel, so that Class Counsel may timely and accurately respond to such inquiries.

5.11    Upon reasonable request, the Administrator shall advise Class Counsel and Defendants' Counsel of the progress of its actions with respect to notice.

## 6.    SUBMISSION OF CLAIM FORMS

6.1    Claim Forms mailed to Class Members shall be pre-populated with the Class Member's name, current address, and date of Covered Loss to the extent feasible and if such information is reasonably available.

6.2    To be considered valid and timely, a Claim Form must be completed, signed by the Class Member or Legally Authorized Representative, and mailed to the Administrator's address as specified in the Claim Form, postmarked by the Claim Deadline, which shall be forty-five (45) days after the scheduled date of the Final Approval Hearing published in the Class Notice.  Claim Forms may also be completed, electronically signed, and entered / uploaded on the Settlement Website by 11:59PM on the date of the Claim Deadline.  A Claim Form may be submitted on behalf of a deceased or incapacitated Class Member by a Legally Authorized Representative, with written evidence of authority.

6.3    The Claim Form will reasonably request of Class Members such information as described in the attached **Exhibit C**.  To be eligible for a Claim Settlement Payment, Class Members must, on or with the Claim Form:

> 6.3.1 Affirm that they have not assigned the claim for the Covered Loss upon which the ACV Payment was calculated, and if it has been assigned only as permitted under Section 4.2, identify the assignee-contractor to whom the Covered Loss claim was assigned (including name and address), attach written evidence of such assignment, and agree to indemnify Allstate for any loss should the assignor policyholder also file a Claim Form for, or dispute payment to the assignee contractor of, a Claim Settlement Payment for the assigned Covered Loss; and
>
> 6.3.2 Affirm that the pre-populated contact information contained on the Claim Form and any updated, corrected, or additional information provided by the Class Member is accurate to the best of the Class Member's knowledge.
>
> 6.3.3 If the Class Member under the Covered Loss is deceased or incapacitated, include written evidence that the Person submitting the Claim Form is the Legally Authorized Representative of the Class Member.

6.4 The opportunity to submit a Claim Form for a Claim Settlement Payment pursuant to this Agreement shall be in full and final disposition of the Action, and in full consideration for the release of any and all Released Claims as against any and all Released Persons, regardless of whether or not a Class Member receives a Class Notice, submits a Claim Form, and/or timely negotiates a Claim Settlement Payment check. The Claim Form will not require that a Class Member sign under penalty of perjury or be notarized.

## 7. CLAIMS ADMINISTRATION AND PAYMENTS

7.1 **Claims Determinations**. Beginning thirty (30) days after mailing the Class Notices and on a rolling basis periodically thereafter, Defendants, or a qualified vendor retained by and under the control of Defendants, shall calculate the amount of the Claims Settlement Payment, if any, to which each Class Member who timely submits a completed Claim Form is entitled, based on information that includes, but is not limited to:

> 7.1.1 the estimated total amount of Nonmaterial Depreciation deducted in determining an ACV Payment for a Covered Loss, if any; and
>
> 7.1.2 the amount(s) of any Nonmaterial Depreciation that was already paid, if any.

In making such determinations, Defendants may consider all information provided by the Class Member with the Claim Form and information reasonably available within Allstate's records.

7.2     The Administrator shall notify in writing those Class Members who submit an untimely Claim Form that their claim is denied and will not be processed further. The Administrator's determination of whether a Claim Form was timely submitted shall be final and binding and may not be the basis for an objection.

7.3     The Administrator shall notify in writing those Class Members who submit a timely, but deficient, Claim Form that they have thirty (30) days to correct the deficiency in the Claim Form. The only recognized deficiencies in a Claim Form are: (a) the failure of one Class Member to sign the Claim Form; (b) the failure to attach an assignment, if an assignment is alleged to exist; or (c) the failure to attach proof of a Legally Authorize Representative, if all Named Insureds are identified as deceased or incapacitated or a Legally Authorize Representative is alleged to exist. The notice will identify the deficiency in the Claim Form and state that any response must be postmarked within thirty (30) days of the date of the notice of the deficiency.

7.4     The Administrator shall send to Class Members whose Claim Form was denied payment, for any reason other than untimeliness, a notice explaining why.

7.5     Defendants will periodically update the Administrator and Class Counsel on the claims review process. The Administrator will provide, within one-hundred (100) days after the Claim Deadline, a list of: (a) all Class Members who submitted Claim Forms; and (b) the amount of the Claim Settlement Payment, if any, for each.

7.6     **Confirmation Of Calculation Methodology.** Within ten (10) days after receipt of the list provided by Defendants as referenced in Paragraph 7.5, Defendants will provide a declaration from an employee, who executes the same with full knowledge of Defendants'

DocuSign Envelope ID: 8C41F31F-A614-4B36-B8B9-31F3F92854C0

processes for determining Claim Settlement Payment amounts on the list, and which confirms that

Defendants used the following process to determine Claim Settlement Payments:

7.6.1     If the underlying claim: (i) resulted in a payment under Coverage A or Coverage B; *and* (ii) had an Xactimate estimate reflecting a non-zero amount of Nonmaterial Depreciation; *and* (iii) had depreciation determined by Xactimate that was withheld from one or more ACV Payment(s); *and* (iv) had all withheld Depreciation determined by Xactimate subsequently paid in full, then the Claim Settlement Payment shall be the amount set forth in the table in Section 4.1.2. Any portion of the Claim Settlement Payment that would otherwise cause total payment on the claim plus the deductible to exceed the limit of liability is not eligible for payment.

7.6.2     If the underlying claim satisfies (i), (ii), and (iii) in Section 7.6.1 above, but does not satisfy (iv), then the Claim Settlement Payment shall be the depreciation determined by Xactimate that was not paid, multiplied by the ratio of Nonmaterial Depreciation to all depreciation determined by Xactimate, plus simple interest calculated at the Ohio legal rate of interest, calculated as set forth in Section 4.1.1. Any portion of the Settlement Payment (exclusive of interest) that would otherwise cause total payment on the claim plus the deductible to exceed the limit of liability is not eligible for payment.

7.7     **Funding**. Within the later of: (a) ten (10) days after the Effective Date; or (b) thirty

(30) days after the final determinations of Claim Settlement Payments described in Section 7.1,

Defendants shall send to the Administrator adequate funds for deposit to an account established

by the Administrator to pay Claim Settlement Payments. In no event shall Defendants be liable to

pay Claim Settlement Payments before that time. Prior to transferring funds to the Administrator,

Defendants are not required to maintain any funds or payments to be made under this Agreement

in a segregated account, and any interest or other income earned on funds prior to the distributions

provided hereunder remains the property of Defendants.

7.8     **Checks**. Within ten (10) days of receipt of funds from Allstate, the Administrator

shall mail to each Class Member who timely submitted a completed Claim Form check for the

Claim Settlement Payment to which each Class Member is entitled, if any. The Administrator shall

use the addresses used to send the Class Notice, subject to any updates received from Class Members on Claim Forms or otherwise.

7.9     Checks shall be issued in the names of Class Members as reflected in Defendants' records, or as directed by the Legally Authorized Representative as applicable, and shall state on their face that they expire and are void 120 days from the date of issuance, after which, the Administrator may close the account.  Prior to expiration, a Class Member may a request for a replacement check be issued by the Administrator.  In the event any check issued pursuant to this Agreement is returned and the payee cannot be located, or expires or becomes void, the Administrator will follow its procedures with respect to such claims and provide Class Counsel with a list of all such claim payments.

7.10    **Neutral Evaluator.** The Administrator shall send to Class Members whose Claim Form was denied payment for any reason other than untimeliness a notice explaining why, with a copy provided electronically to Class Counsel. In addition, the Administrator shall send a notice to all Class Members who submitted a timely Claim Form, regardless of whether a Claim Settlement Payment was issued, explaining that Class Members may dispute the amount of the Claim Settlement Payment or denial of their claim by requesting in writing final and binding neutral resolution by the Neutral Evaluator.  To dispute a Claim Settlement Payment or denial of a claim and invoke the neutral resolution process, a Class Member must return any uncashed Settlement Check to the Administrator and explain in writing the reason for their dispute, as well as provide any supporting documentation, postmarked within thirty (30) days of the date shown on the notice sent to that Class Member.  If the Settlement Check is not timely returned, or if the Settlement Check is negotiated prior to final and binding resolution by the Neutral Evaluator, then

the dispute resolution process will be automatically terminated and the Class Member is not entitled to any further Claim Settlement Payment.

7.11    The Administrator shall promptly provide Defendants' Counsel and Class Counsel notice of any disputes received from Class Members under Section 7.10.  Upon receipt, Defendants may reevaluate the claim and/or supply any additional supporting documentation or information of its choosing to the Administrator within thirty (30) days.  The Administrator shall then promptly provide all materials received from the Class Member, Class Counsel, and Defendants to the Neutral Evaluator, unless Defendants have agreed to pay the claim in the manner disputed by the Class Member, in which event the Administrator shall promptly issue a Settlement Check to the Class Member for the agreed Claim Settlement Payment.

7.12    The Neutral Evaluator shall issue a decision based solely on the written submissions provided by Defendants, Class Counsel, and the Class Member without independent research or evidence, and subject to the express terms and conditions of this Agreement, within thirty (30) days after receipt of materials from the Administrator.  If applicable, the Administrator shall promptly issue a Settlement Check to the Class Member for a Claim Settlement Payment in accord with the Neutral Evaluator's decision.  The Neutral Evaluator shall have exclusive jurisdiction to resolve any dispute as to final determination of a Claim Settlement Payment, and the decision of the Neutral Evaluator shall be final and binding on the Parties and Class Members and is not subject to appeal or review by the Court.  The Neutral Evaluator shall not have authority to award a Class Member any amount in excess of the Claim Settlement Payment, determined as described in Section 4.1, or for any other damages, costs, attorneys' fees, or other relief.  The Neutral Evaluator shall also be bound by the provisions of Section 16 concerning Confidential Information.

7.13 **Taxes**. Defendants and the Administrator will comply with all federal, state, and local tax obligations in connection with the Settlement. However, Defendants are not obligated to compute, estimate, or pay any taxes on behalf of, and is not liable for any taxes owed by the Plaintiffs, Class Counsel, or any Class Member, because of the payments contemplated by the Settlement.

7.14 **Final Accounting.** Within thirty (30) days after completion of the procedures pursuant to Section 7.9 and all claims have been resolved, including claims disputed by Class Members, the Administrator shall provide a final written accounting to the Parties of all payments under the Settlement.

7.15 **Information Available to Class Counsel**. Class Counsel shall have the right to review all materials and interact directly with the Administrator regarding the administration of the Settlement provided that Defendants are notified of all such interactions and copied on all written interactions.

## 8. COVENANTS, REPRESENTATIONS AND WARRANTIES

8.1 **Covenants Not to Sue**. Plaintiffs and Class Members covenant and agree:

8.1.1 not to file, commence, prosecute, maintain, intervene in, or participate in (as parties, class members, or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances relating thereto, against any of the Released Persons;

8.1.2 not to organize or to solicit the participation of Class Members in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and

8.1.3 that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims asserted against any of the Released Persons.

28

8.2     Plaintiffs represent and warrant that they are the sole and exclusive owners of the Released Claims, other than an interest that may already be held by their mortgagee(s), and that they have not assigned or otherwise transferred any interest in any Released Claims against any Released Persons, and further covenants that they will not assign or otherwise transfer any interest in their Released Claims.

8.3     Plaintiffs represents and warrant that, after entry of Final Judgment, they have no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

8.4     Plaintiffs and Class Counsel represent and warrant that there are no outstanding liens or claims against the Action and acknowledge that the Class Representatives and Plaintiffs will be solely responsible for satisfying any liens or claims asserted against the Action.

8.5     The Parties represent and warrant that they are voluntarily entering into the Agreement as a result of arms-length negotiations among their counsel; that in executing the Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party. Each of the Parties assumes the risk of mistake as to facts or law.

## 9.     RELEASES

9.1     **Released Claims**. Upon the Effective Date, Releasing Persons, including the Plaintiffs and each Class Member, shall, by operation of the Final Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged Allstate

and all other Released Persons from any and all claims, Unknown Claims, rights, demands, actions,

causes of action, allegations, suits, debts, sums of money, payments, obligations, reckonings,

promises, damages, interest, penalties, attorneys' fees and costs, liens, and judgments, of any kind

whatsoever that each Releasing Person has or may have had prior to the Effective Date and arising

from a loss during the Class Period, whether *ex contractu* or *ex delicto*, debts, liens, contracts,

liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including

actual, consequential, statutory, extra-contractual, punitive, and/or exemplary damages), and

whether arising under or based on contract, extra-contractual or tort theories, at law or in equity,

or under federal, state, or local law, statute, ordinance, rule or regulation, whether asserted

individually or in a representative capacity, whether past or present, mature or not yet mature,

known or unknown, that the Plaintiffs or any Class Members have or may have had against any of

the Released Persons that relate to, concern, arise from, or pertain in any way to:

     9.1.1    Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss; or

     9.1.2    the allegations and claims contained in the Action or which could have been alleged in the Action, concerning the alleged systematic practice of deducting Nonmaterial Depreciation through claims estimating software.

("Released Claims").

Provided, however, that Released Claims do not include: (a) claims arising after the date

of Preliminary Approval; (b) Class Members' rights and obligations under this Agreement; (c) the

rights of potential Class Members who timely and properly submit a request for exclusion from

the Settlement Class in accordance with this Agreement; and (d) any Class Member from

recovering any replacement cost benefits (exclusive of Nonmaterial Depreciation addressed in

Sections 9.1.1 and 9.1.2) that may still remain available under the terms of his or her policy.

DocuSign Envelope ID: 8C41F31F-A614-4B26-B8B9-34F3792854C0

9.2 **Unknown Claims**. Plaintiffs, for themselves and on behalf of Class Members, explicitly acknowledge that Unknown Claims within the scope of Released Claims could possibly exist and that any present losses may have been underestimated in amount or severity. Plaintiffs or any Class Member may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, or the law applicable to such claims may change. Nonetheless, the Class Representatives and each Class Member expressly agree that they shall have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or un-asserted, liquidated or unliquidated, contingent or non-contingent, claims with respect to all Released Claims, including Unknown Claims within the scope of the Released Claims.

9.3 Plaintiffs and Class Members agree and acknowledge that they are bound by this Agreement, including by the Released Claims, which are a material element of the Agreement, and that all of their claims in the Action asserted against Defendants shall be dismissed with prejudice and released, without regard to subsequent discovery of different or additional facts or subsequent changes in the law, and regardless of whether unknown losses or claims exist or whether present losses may have been underestimated in amount or severity, and even if they never received actual notice of the Settlement and/or a Claim Settlement Payment.

9.4 This Agreement and the releases herein do not affect the rights of potential Class Members who timely and properly submit a request for exclusion from the Settlement in accordance with this Agreement.

9.5 The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Agreement, including, but not limited to, enforcement of the releases

contained in the Agreement, and to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Agreement and Final Judgment.

## 10.    REQUESTS FOR EXCLUSION

10.1    Any person within the Settlement Class who wishes to opt out of the Settlement Class must do so in writing.  Any Class Member who does not opt out of the Settlement Class in the manner described herein shall be deemed to be a Class Member and shall be bound by all proceedings, orders, and judgments.

10.2    In order to opt out, a Class Member must complete and send to the Administrator, at the address listed in the Class Notice and on the Settlement website, a request for exclusion postmarked no later than the opt out deadline of thirty (30) days before the Final Approval Hearing. The request for exclusion must:  (a) identify the case name; (b) identify the name and address of the Class Member; (c) be personally signed by the Class Member or their Legally Authorized Representative; and (d) state an explicit desire to be excluded from the Settlement Class, such as "I hereby request to be excluded from the proposed Settlement Class in the *Perry et al.* class action."  Persons must request exclusion individually.  Mass or group opt outs are prohibited.

10.3    A Class Member who desires to opt out must take timely, affirmative written action pursuant to Section 10.2, even if the Class Member desiring to opt out: (a) files or has filed a separate action against any of the Released Persons, or (b) is or becomes a putative or actual class member in any other class action filed against any of the Released Persons.  The Administrator shall provide Class Counsel and Defendants' Counsel a list of all timely requests for exclusion not less than ten (10) days before the Final Approval Hearing.

10.4    Any Class Member who timely and properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief

under or be affected by the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

      10.5   **Representation of Opt Outs**.  Class Counsel and their respective firms agree not to represent, encourage, solicit or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any person requesting exclusion from the Settlement.

## 11.   OBJECTIONS

      11.1   **Overview**. Any Class Member who does not submit a valid request for exclusion may object to the Settlement by complying with the procedures and deadlines in this Agreement. The Class Notice will identify the requirements to assert a valid written objection.

      11.2   **Filing**. Any Class Member who wishes to object to the Settlement must do so in writing filed with the Clerk of the Court (address provided in the Notice), with a copy mailed to the Administrator (address identified in the Notice), postmarked no later than the objection deadline of thirty (30) days before the Final Approval Hearing.  To be valid, a written objection must include: (a) the case name and number; (b) the name and address of the objecting Class Member ("Objector"); (c) the name, address, bar number, and telephone number of the Objector's counsel, if represented; (d) the specific reasons why the Class Member objects to the Settlement; and (e) whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel.

      11.3   **Appearance**. Subject to approval of the Court, any Class Member who files and serves a timely written objection in accordance with Section 11.2 may appear, in person or by counsel, at the Final Approval Hearing, whether it is held in the courtroom or via telephone or video conference, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the Objector additionally:  (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the objection deadline; and

DocuSign Envelope ID: 8C41F31F-A614-4B26-B8BD-31F3792854C0

(b) mails copies of the notice to Class Counsel and Defendants' Counsel, postmarked by the objection deadline. The notice must include a list of any witnesses you may call at the hearing with each witness's address and summary of the witness's testimony, and a description of any documents, exhibits, papers, or other evidence that the objecting Class Member plans to present to the Court in connection with the Final Approval Hearing, and materials not timely submitted will not be considered . Any Class Member who does not file a notice of intention to appear in accordance with the Agreement shall not be entitled to appear, whether personally or through their counsel at the Final Approval Hearing.

11.4    **Waiver**. Any Class Member who fails to object to the Settlement in the manner described above shall be deemed to have waived any objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing or at any other time, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

## 12.    FINAL JUDGMENT

12.1    Not less than ten (10) days before the Final Approval Hearing, the Administrator will provide Class Counsel and Defendants' Counsel with an affidavit or declaration attesting that Class Notice has been disseminated in accordance with the Preliminary Approval Order and this Agreement, and identifying any Persons who submitted timely and valid Requests for Exclusion. Class Counsel shall file the affidavit(s) or declaration(s) with the Court before the Final Approval Hearing.

12.2    Prior to the Final Approval Hearing, Class Counsel will file a motion seeking the Court's final approval of the Settlement and entry of Final Judgment, in the form and content attached as **Exhibit D**, without material change, which, among other things:

12.2.1    Approves the Settlement as described in this Agreement as fair, reasonable, and adequate and directs the Parties and counsel to comply with and consummate the terms of this Agreement;

12.2.2    Confirms certification of the Settlement Class for settlement purposes only;

12.2.3    Finds that Class Counsel and the Plaintiffs have adequately represented and protected the interests of the Settlement Class;

12.2.4    Finds that the terms of this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class;

12.2.5    Provides that each Class Member shall be bound by the provisions of this Agreement and the Final Judgment, including the releases set forth in Section 9;

12.2.6    Confirms that the individual mailed distribution of the Class Notice, Claim Form, Postcard Notice, establishment of an automated toll-free telephone number, and a settlement website:  (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Action, this Agreement, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) meets the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law;

12.2.7    Dismisses all claims in the Action by Plaintiffs and Class Members against Defendants on the merits and with prejudice, and entering Final Judgment thereon;

12.2.8    In order to protect the continuing jurisdiction of the Court and to effectuate this Agreement and the Final Judgment, permanently enjoins Class Members who have not opted out, and anyone acting or purporting to act on their behalf, from filing, commencing, prosecuting, intervening in, maintaining, or participating in (as parties, class members, or otherwise) any new or existing action or proceeding before any court or tribunal regarding any Released Claims against any Released Persons, and from organizing any Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit regarding any Released Claims against any Released Persons, and provides that any person in violation of the injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction;

12.2.9    Approves payment of attorneys' fees and expenses to Class Counsel and service awards to the Plaintiffs, in both respects not exceeding the maximum amounts identified in this Agreement;

12.2.10    Direct issuance of a Claim Settlement Payment to any Class Member who is eligible for payment according to the terms of this Agreement, who has not timely opted-out, and has returned a timely completed Claim Form and;

12.2.11    Reserves continuing jurisdiction of the Court over all matters relating to the administration, consummation, enforcement, construction and interpretation of the Settlement, this Agreement, and the Final Judgment;

12.2.12    Holds that there is no just reason for delay and that the Final Judgment shall be final and appealable, irrespective of the Court's continuing jurisdiction over administration of the Settlement; and

12.3    **Effect of Final Judgment**. Upon entry of Final Judgment:

12.3.1    the Agreement shall be the exclusive remedy for all Class Members, except those who have properly opted-out in accordance with the terms and provisions hereof;

12.3.2    except as set forth in this Agreement, the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Class Member(s); and

12.3.3    such additional provisions as provided in **Exhibit D** as necessary to implement this Agreement and the Settlement.

12.4    Except for persons who timely and properly send a request for exclusion in accordance with Section 10, all Class Members will be deemed to be members of the Settlement Class and, upon entry of the Final Judgment, will have received full and final redress and relief for the Released Claims in Section 9, including, but not limited to, any refund, reimbursement, restitution, or damages for the conduct covered by the release, and will be bound by the terms of this Settlement regardless of whether they receive Claim Settlement Payments.

12.5    Defendants will not oppose final approval of the proposed Settlement in the form of the Final Judgment attached as **Exhibit D**, and may, in their sole discretion, file a memorandum in support of final approval of the proposed Settlement.

12.6    If final approval of the Settlement is not granted, or this Agreement is terminated or rendered void, the certification of the Settlement Class shall be automatically vacated and shall

DocuSign Envelope ID: 8C41F31F-A614-4B36-B8B9-31F3792854C0

not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this Action or any other action can be or have been satisfied. In that event, Defendants reserve and shall have all rights to challenge certification of a class action for trial purposes in the Action or in any other action, on all available grounds as if no Settlement Class had been certified.

12.7    Within ten (10) days after the Effective Date, Plaintiffs and Class Members shall dismiss with prejudice all Released Claims asserted in any actions or proceedings that have been brought by or involve any Class Member in any jurisdiction. This paragraph in no way limits Class Members from proceeding with claims that are not Released Claims as defined herein.

## 13.    ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

13.1    The total of all applications for attorneys' fees, costs, and expenses by Class Counsel and any other person on behalf of Class Members shall not exceed $5,000,000. Class Counsel agrees that the amount of such fees, costs, and expenses awarded shall fully compensate them for all work and expenses in this Action for the claims asserted before and after entry of Final Judgment. Defendants agree not to oppose or otherwise object to an application by Class Counsel for an award of attorneys' fees, costs, and expenses in this Action that does not exceed $5,000,000, and Class Counsel agrees not to seek an award higher than $5,000,000. Any award of attorneys' fees, costs and expenses will not reduce any Class Member's recovery under this Agreement.

13.2    Within fifteen (15) days after the Effective Date, Defendant shall pay to Class Counsel the funds for the amount of attorneys' fees, costs, and expenses awarded by the Court (not to exceed the amounts identified in Section 13.1), by wire transfer to an account as directed by Erik Peterson Law Offices, PSC, who shall distribute it to Class Counsel. As soon as practicable after the Effective Date, Class Counsel shall provide Defendants with a W-9 and wire transfer information necessary for Defendants to make the payment described herein.

13.3    Except as expressly provided in this Agreement, Defendants are not liable or responsible for any other expenses, costs, damages, or fees incurred by any other person, including but not limited to the Plaintiffs any Class Member, any person(s) who object to the Settlement or exclude themselves from the Settlement Class, or any of their attorneys, experts, advisors, investigators, agents, or representatives.  Any award of attorneys' fees and expenses by the Court as provided in this Section 13 will be in complete satisfaction of any and all claims for attorneys' fees, costs, and expenses that the Plaintiffs, Class Members, Class Counsel, or any other person or their counsel has or may have against Allstate arising out of or in connection with this Action, the Released Claims, and/or this Settlement.

13.4    Plaintiffs, the Settlement Class, and Class Counsel hereby waive, discharge, and release Allstate from any and all other claims for attorneys' fees, by lien, statute, or otherwise for legal services in connection with this Action.  Allstate shall not be responsible for and shall have no liability whatsoever with respect to the allocation, distribution, or apportionment of any award of attorneys' fees and expenses among Class Counsel or any other person who may assert a claim thereto.  Once payment is made pursuant to Section 13.2 above, Allstate will not be subject to any claims for additional payments to Class Counsel or any attorney who is or was a member of, partner of, or otherwise associated with any of the firms representing the Plaintiffs, the Settlement Class, or any Class Member.  Class Counsel shall defend, hold harmless, and indemnify Allstate and Defendants' Counsel from and against any claims, damages, liability, causes of action, liens, and expenses, including reasonable attorneys' fees and expenses, resulting from any action or proceeding involving the payment or apportionment of the award of attorneys' fees and expenses in this Action, to, or among the Plaintiffs, Class Counsel, or any attorney or firm that alleges to have provided services to the Plaintiffs or any Class Member.

DocuSign Envelope ID: 8C41F31F-A614-4B36-B8B9-31F3792854C0

13.5    In addition to the Claim Settlement Payments that may otherwise be due, Defendants agree to pay the Plaintiffs each a service award as determined by the Court, not to exceed $7,500 (total not to exceed $60,000), by a check delivered to Class Counsel within fifteen (15) days after the Effective Date.  Any service award will not reduce any Class Member's recovery under this Agreement.  Plaintiffs shall provide Defendants or the Administrator with a completed W-9 form within five (5) days after entry of Final Judgment.

## 14.    TERMINATION RIGHTS

14.1    **Bilateral Right to Terminate**.  Within fourteen (14) days after notice of the occurrence of any of the following events, either Defendants or Plaintiffs shall have the right, exercisable in their reasonable discretion, to terminate this Agreement and the Settlement by delivering written notice of such election to the opposing counsel (Defendants' Counsel or Class Counsel), if:  (a) the Court, or any appellate court(s), rejects, denies approval, disapproves, or modifies the Agreement, Preliminary Approval Order, or Final Judgment in a manner that the terminating party, in its reasonable judgment and discretion, believes to be material; or (b) the Court, or any appellate court(s), does not completely and unconditionally enter or affirm any portion of the Agreement, Preliminary Approval Order, or Final Judgment in a manner that the terminating party, in its reasonable judgment and discretion, believes to be material. Notwithstanding the foregoing, Plaintiffs may not terminate this Agreement, because of the amount of attorneys' fees and expenses awarded by the Court or any appellate court(s).

14.2    **Defendants' Unilateral Right to Terminate**.  Defendants may unilaterally, in its sole discretion, withdraw from and terminate this Agreement by providing written notice of termination to Class Counsel if:  (a) any regulatory agency or governmental agency should challenge any term(s) of the Agreement in any way that Defendants, in their sole judgment and discretion believes to be materially adverse to Defendants' interests; (b) the number of individuals

who elect to exclude themselves from the Settlement Class make up more than 3.5% of all known potential Class Members; (c) any financial obligation is imposed upon Allstate in addition to or greater than those specifically accepted by Defendants in this Agreement; (d) the Class Representatives opt out of the Settlement Class or object to the Settlement or this Agreement; and/or (e) any Person is allowed to intervene in this Action to assert claims against Allstate based on Structural Loss claims in states other than Ohio. Defendants must exercise its option to unilaterally withdraw from and terminate this Agreement in writing filed with the Court within fourteen (14) days after expiration of the opt out period.

14.3    If an option to terminate this Agreement and the Settlement arises, Plaintiffs or Defendants are not required to exercise the option to terminate.

14.4    If the Agreement fails for any reason, or if this Agreement is terminated by Plaintiffs or Defendants pursuant to Section 14.1:

14.4.1    This Agreement and the Proposed Settlement shall have no further force or effect, and all proceedings that have occurred with regard to this Agreement and the Proposed Settlement shall be without prejudice to the rights and contentions of the Parties and any Class Members;

14.4.2    This Agreement and all negotiations, statements, and proceedings relating to them shall be without prejudice to the rights of the Parties, each of whom shall be restored to their respective positions existing immediately before the execution of this Agreement;

14.4.3    This Agreement, and the fact of this Agreement having been made, shall not be admissible or entered into evidence for any purpose whatsoever and shall not be subject to discovery;

14.4.4    Any judgment or order entered in the Action relating to this Agreement or the Settlement, including, without limitation, any order certifying the Settlement Class, shall be automatically vacated *nunc pro tunc*, without the requirement of any motion or further order of the Court, and will be without any force or effect;

14.4.5    The Parties shall not thereafter argue or raise a claim or defense, including, but not limited to, waiver, estoppel, or any other similar or related theories, based on the Agreement (including, without limitation,

the provisions regarding class certification) and related pleadings and orders, the fact of this Agreement having been made, or that any settlement negotiations preclude Allstate from opposing class certification or the claims in the Action or any other proceeding.

14.5    Section 14.4 shall survive the termination of this Agreement.

## 15.    DENIAL OF LIABILITY

15.1    Defendants enter into this Agreement without admitting, conceding, or acknowledging any fault, liability, or wrongdoing of any kind.   This Agreement and the negotiations or proceedings connected with it shall not be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of Allstate.  In the event the Effective Date does not occur, or this Agreement is terminated, or the Settlement is not finally approved for any reason, Defendants shall retain the right to object to the maintenance of the Action or any other proceeding as a class action and to contest the Action or any other case on any ground.  Plaintiffs, the putative class and Class Counsel reserve all rights as well.

15.2    The Parties agree that this Agreement, the negotiations leading to the Settlement, administration of the Settlement, and any pleadings, motions or other documents specifically related to this Agreement cannot be offered into evidence in this Action in support of or in opposition to any potential motion to certify or decertify and cannot be used in any way as precedent for any purportedly similar matter.

## 16.    CONFIDENTIALITY AGREEMENT

16.1    The following constitutes highly confidential and proprietary business information of Allstate ( "Confidential Information"):  (a) the names, addresses, policy numbers, and data concerning a Class Member or potential member of the Settlement Class compiled by Defendants or the Administrator in administering the Proposed Settlement; (b) claim files and documents and

electronic data related to claims for each Class Member, utilized by Defendants or the Administrator in identifying potential Class Members and administering the Settlement and not publicly disclosed in this Action; and (c) documents and data produced by Defendants in the Action identified as confidential pursuant to an agreed protective order in the Action. Class Counsel agrees that they will not: (1) publicly disclose Confidential Information; (2) disclose Confidential Information to any persons other than those identified in the agreed protective order or this Agreement; and (3) use or reference Confidential Information other than in this Action in connection with the Settlement. It is not a violation of this Agreement for either of the parties to provide the Court with information concerning the Plaintiffs' or any objector's individual claims, or to provide the Court with anonymous aggregate claims data values solely for purposes of seeking preliminary or final approval of the Settlement or attorneys' fees, expenses, and/or service award(s).

16.2 No Persons other than Defendants' Counsel, Class Counsel, the Administrator, those persons identified in the agreed protective order, and their respective employees and contractors shall be allowed access to any Confidential Information. Any person to whom Confidential Information is disclosed or who has access to Confidential Information shall maintain it as confidential and shall not publicly disclose or release it to any person not authorized by Defendants, this Agreement, the agreed protective order, or the Court. Nothing in this Agreement shall be construed to restrict or limit Allstate's use or disclosure of its own Confidential Information.

16.3 Within thirty (30) days after the closing of the account described in Section 7.9, Class Counsel shall destroy or return to Defendants' Counsel all Confidential Information in their possession, custody, or control, and shall deliver a letter to counsel for Defendants confirming

their undertaking and compliance with this Section, except as provided in Section 18.1.  Further, the Parties agree that Confidential Information shall not be used by Class Counsel or anyone employed with, retained by, or otherwise associated with Class Counsel in any other litigation, current or future, unless independently obtained through discovery in such other litigation.

## 17.    COMMUNICATIONS

17.1    Any inquiries to Allstate from Class Members regarding the Settlement will be directed to Class Counsel or the Administrator.  Nothing herein shall preclude Allstate or its agents from discussing matters unrelated to the Settlement with its present, former, or prospective policyholders or customers or from communicating with its agents and employees concerning the existence, terms, and implementation of the Settlement, orally or in writing.

17.2    If any media organization contacts either Plaintiffs or Allstate or their respective counsel seeking information and/or a statement regarding the Settlement, in the absence of a response agreed upon by the Parties (which shall be non-disparaging and wholly consistent with the terms of the Agreement), no information will be provided in response to such inquiries except to the extent such information appears as part of the public record.

## 18.    MISCELLANEOUS

18.1    **Administrator Retention of Records**. The Administrator, Class Counsel and Defendants shall retain copies or images of all returned Class Notices, Claim Forms, and correspondence relating thereto, for a period of one (1) year after the Effective Date.  Thereafter, the Administrator may destroy any such documents it has in its possession.  Nothing in this Agreement shall be construed to require the Administrator, Class Counsel or Allstate to retain records beyond their respective, discretionary, record retention policies.  Nothing in this provision, or this Settlement Agreement, prevents Class Counsel from:  (1) maintaining in their ordinary client database the names and contact information produced in the litigation for Class Members; and

(2) communicating with those persons for purposes of this Settlement, provided that any and all such communications it sends to those persons comply in all respects with the Ohio Rules of Professional Conduct.

18.2 **Cooperation of the Parties**. The Parties and their counsel agree to undertake their best efforts and to cooperate with each other to effectuate this Agreement, including taking all steps and efforts contemplated by this Agreement, and any other reasonable steps and efforts that may become necessary by order of the Court or otherwise. The Parties, Class Counsel, and Defendants' Counsel also agree to defend this Agreement against any objection made to the final approval of the Settlement or in any appeal of the Final Judgment Order or against any collateral attack on the Settlement or the Final Judgment Order. Plaintiffs agree not to request exclusion from the Settlement Class or to encourage others to do so.

18.3 **Authority to Execute the Agreement.** The undersigned counsel represent they are fully authorized to execute and enter into the terms and conditions of this Agreement on behalf of their respective clients.

18.4 **Extensions**. The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement. Such extensions must be in writing to be enforceable.

18.5 **Entire Agreement**. The terms and conditions set forth in this Agreement, including documents referenced herein and all attached exhibits, contains the entire and exclusive agreement of the Parties hereto and supersede any prior agreements, negotiations, representations, or understandings between them, and may not be contradicted or supplemented by evidence of any prior or contemporaneous agreement. The Parties further intend that this Agreement and all attached exhibits constitute the complete and exclusive statement of its terms as between the Parties and that no extrinsic evidence may be introduced in any proceeding concerning the terms

of the proposed Settlement. Prior or contemporaneous representations not contained in this Agreement shall be of no force or effect.

18.6 **Parties Bound**. All terms of this Agreement are contractual and not mere recitals and shall be construed as if drafted by all Parties hereto. The terms of this Agreement are and shall be binding upon the Parties hereto, upon each of their agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the Parties hereto, including any Class Member. Provided, however, that except as expressly provided in this Agreement, this Agreement is not intended to and does not confer upon any other person or entity any rights or remedies.

18.7 **Drafting of Agreement**. Neither the Parties, Class Counsel, nor Defendants' Counsel shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

18.8 **Modification**. This Agreement may not be altered or modified, except by a written instrument signed by counsel for all Parties, and any amendments or modifications shall be presented to the Court for approval. Amendments and modifications may be made without additional notice to the potential Class Members unless such notice is required by the Court.

18.9 **Choice of Law**. This Agreement shall be governed by and interpreted according to the substantive laws of the State of Ohio.

18.10 **Use of Agreement as a Defense or Basis for Injunction**. To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of this Agreement.

18.11  **Calculating Time**. Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days.  In the event any deadline under this Agreement is a weekend or legal holiday, such deadline shall be on the first business day thereafter.

18.12  **Postmarks**. Whenever a Class Member is required to provide notice or submit materials by a certain date, the notice or submission shall be timely only if it is postmarked or electronically submitted on or before the date it is due and is in fact received by the intended recipient within twenty (20) days thereafter.  Notwithstanding the foregoing, however, objections to the Agreement and notices of appearance must be actually delivered to and received by the intended recipient on or before the date they are due.

18.13  **Waiver of a Breach**. The waiver by Plaintiffs or Defendants of any breach of this Agreement will not be deemed or construed as a waiver of any other prior, subsequent, or contemporaneous breach of this Agreement.

18.14  **Plural and Singular Terms**. As used herein, the plural of any defined term includes the singular thereof, and the singular of any defined term includes the plural thereof, as the context may require.

18.15  **Execution in Counterparts, Electronic Signatures, and Date of Execution**. This Agreement may be executed in one or more counterparts, including by facsimile or email, each of which shall constitute an original.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Electronic, facsimile, or photocopied signatures shall be considered as valid signatures.  This Agreement shall be deemed to have been executed upon the last date of execution by the undersigned counsel for the respective Parties.

Date: 2/21/2023

By:  *Erik D. Peterson*

DocuSign Envelope ID: 8C41F31F-4914-4B35-B8BD-31F37028F4C0

Erik D. Peterson
Erik Peterson Law Offices, PSC
110 W. Vine Street
Suite 300Lexington, KY 40507
800-614-1957
Email: erik@eplo.law

By:

Stephen G. Whetstone
WHETSTONE LEGAL, LLC
2 North Main Street, Ste. 2
P.O. Box 6
Thornville, OH 43076
Telephone: 740-785-7730
Facsimile: 740-205-8898
steve@whetstonelegal.com

By:

James A. DeRoche (OH #0055613)
GARSON JOHNSON LLC
2900 Detroit Avenue
Van Roy Building, Second Floor
Cleveland, Ohio 44113
Telephone: 216.696.9330
Facsimile: 216.696.8558
jderoche@garson.com

By:

Patrick J. Perotti, Esq. (OH # 0005481)
DWORKEN & BERNSTEIN CO., LPA
60 South Park Place
Painesville, OH 44077
Telephone: 440.352.3391
Facsimile: 440.352.3469
pperotti@dworkenlaw.com

*Counsel for Plaintiffs and Putative Class
Representatives*

DocuSign Envelope ID: 8C41F31F-A614-4B36-B8BD-34F3F92854C0

Date: 2/21/2023

By: _____

Mark L. Hanover *pro hac vice*
Kristine M. Schanbacher *pro hac vice*
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
(312) 876-8000 Telephone
(312) 876-3145 Facsimile
mark.hanover@dentons.com
kristine.schanbacher@dentons.com

and

Gregory R. Farkas (0069109)
FRANTZ WARD LLP
200 Public Square
Suite 3000
Cleveland, Ohio 44114
(216) 515-1628 Telephone
(216) 515-1650 Facsimile
gfarkas@frantzward.com

***Counsel for Defendants Allstate Indemnity Company, Allstate Vehicle and Property Insurance Company, Allstate Insurance Company, and Allstate Property and Casualty Insurance Company***

DocuSign Envelope ID: 8C41F31F-A814-4B36-B8B9-34F37928754C0

# EXHIBIT A

DocuSign Envelope ID: 8C41F31F-A614-4B26-B8B9-31F3792854C0

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREA PERRY, NING XU, LORI FERGUSON, JASON BROWN, GABRIEL LADO, JOSEPHINE MANIACI, BRYON SMITH, and BRYAN MISKOVCH,** individually and on behalf all others similarly situated, | ) ) ) ) ) ) | **CASE NO. 1:16-cv-01522** <br><br> **JUDGE CHRISTOPHER A. BOYKO** |
| **Plaintiffs,** | ) ) ) | |
| vs. | ) | |
| **ALLSTATE INDEMNITY COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** | | |
| **Defendants.** | | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Plaintiffs Andrea Perry, Ning Xu, Lori Ferguson, Jason Brown, Gabriel Lado, Josephine Maniaci, Bryon Smith, and Bryan Miskovch (collectively, the "Representative Plaintiffs") and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement, Certification of the Settlement Class, and Scheduling a Final Approval Hearing (the "Motion"). Upon considering the Motion and exhibits thereto, the Class Action Stipulation of Settlement Agreement ("Settlement Agreement") and exhibits thereto (filed with the Court on February 21, 2023), the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.    **Settlement**. The Representative Plaintiffs and Defendants Allstate Indemnity Company, Allstate Vehicle and Property Insurance Company, Allstate Insurance Company, and Allstate Property and Casualty Insurance Company (collectively, the "Defendants") all acting by and through their respective counsel, have agreed, subject to Court approval, to settle this litigation upon the terms and conditions stated in the Settlement Agreement.

2.    **Preliminary Approval**. The Agreement entered into, by and among the Representative Plaintiffs and the Defendants, was negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing.

The terms and conditions in the Settlement Agreement are incorporated here as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the same definitions that are in the Settlement Agreement.

3.    **Settlement Class Relief**. The proposed Claim Settlement Payments to Class Members and the settlement consideration, as identified in Sections 4, 6, and 7 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate.

    a.  The "Settlement Class" shall be defined as:  All policyholders, (except for those explicitly excluded below), under any property insurance policy issued by Allstate,[1] who made: (i) a Structural Loss claim for property located in the State of Ohio between May 16, 2015 through June 30, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld.

    b.  Excluded from the Settlement Class are:

---

[1] As defined in the Settlement Agreement, "Allstate" means Allstate Indemnity Company, Allstate Insurance Company, Allstate Property and Casualty Insurance Company, Allstate Vehicle and Property Insurance Company, Allstate Fire and Casualty Insurance Company, North Light Specialty Insurance Company, Encompass Insurance Company, Encompass Indemnity Company, Encompass Property and Casualty Company, Encompass Insurance Company of America, Encompass Home and Auto Insurance Company, and Esurance Insurance Company

DocuSign Envelope ID: 8C41F31F-A614-4B36-B8B9-31F3F02854C0

Policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor";

Policyholders who received one or more payments for a claim that exhausted the applicable limits of insurance;

Policyholders whose claims were denied or abandoned without an ACV payment for any reason;

Allstate and its officers and directors;

Members of the judiciary and their staff to whom this Action is assigned and their immediate families; and,

Class counsel and their immediate families.

4. **Preliminary Certification of the Settlement Class**. For settlement purposes only, the Court makes the following determinations as to certification of the Settlement Class:

a. The Court preliminarily certifies the Settlement Class for purposes of settlement only under Rule 23;

b. The Settlement Class is so numerous that joinder of all members is impracticable;

c. There are questions of law or fact common to the members of the Settlement Class, which common questions predominate over any questions affecting only individual members;

d. The Representative Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement; and

e. The class action is the superior method for the full and efficient adjudication of the controversy.

5. **Preliminary Appointment of Class Representatives**. The Representative Plaintiffs are preliminarily appointed as the representatives of the Settlement Class for the purpose of seeking approval of and administering the Settlement Agreement.

6. **Preliminary Appointment of Class Counsel** Erik D. Peterson of Erik Peterson Law Offices, PSC; Stephen G. Whetstone of Whetstone Legal, LLC; James A. DeRoche of Garson Johnson LLC; and Patrick J. Perotti of Dworken & Bernstein Co., LPA are preliminarily appointed as counsel for the Settlement Class.

7. **Final Approval Hearing**. A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at 2:00 P .m. on July 25, 2023 [at least 120 days after entry of this Order], in the United States District Court for the Northern District of Ohio before the Honorable Judge Christopher A. Boyko, to determine, among other things: (i) whether the Settlement Agreement for this Action should be approved as fair, reasonable, and adequate; (ii) whether this Action should be certified as a class action for settlement purposes only; (iii) whether this Action should be dismissed, with prejudice, pursuant to the Settlement Agreement; (iv) whether the Settlement Class Members should be bound by the provisions in the Settlement Agreement, including the releases set forth in the Settlement Agreement; and (v) whether Settlement Class Members (who have not opted out), whether acting individually or together, should be permanently enjoined from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims; (vi) whether the application of Class Counsel for an award of attorneys' fees and expenses, and for proposed service awards to the Representative Plaintiffs, should be approved and in what amount; and (vii) objections, if any, made to the Proposed Settlement or any of its terms.

The Final Approval Hearing may take place, at the sole discretion of the Court, via telephone or video conference so as to allow the Final Approval Hearing to proceed despite any

DocuSign Envelope ID: 8C41F31F-A814-4B26-B8BD-3453792854C0

potential limitations on in-court hearings.  Any Class Member, who files a notice of intent to appear, shall be provided with information required to access the Final Approval Hearing.

Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the Class Members.  Any rescheduled date for the Final Approval Hearing will be posted on the Settlement website.

All briefs and materials in support of an order for final approval and judgment and for a service award to the Representative Plaintiffs and payment to Class Counsel for its attorneys' fees and costs shall be filed with this Court no later than seven (7) days prior to the Final Approval Hearing.

8.      **Class Notice and Claim Form.**  As soon as practicable after the entry of this Order, but in any event no more than thirty (30) days after entry of this Order, Defendants shall conduct a reasonable search of their records and provide to the Administrator for each Person reasonably believed to be a potential Class Member, the following information, if reasonably available:  full name, last known mailing address, date of Covered Loss during the Class Period, policy number, claim number for the Covered Loss, as well as any other information reasonably required to administer the Settlement.  Prior to mailing the Class Notice and Claim Form, the Administrator will run these addresses through the National Change of Address Database for a more current name and/or address for each potential Class Member.

Upon completion of the updating efforts, the Class Notice, in the form and content of Exhibit B to the Settlement Agreement, shall be mailed, by the Administrator, not less than seventy-five (75) days before the Final Approval Hearing in the manner described in the Settlement Agreement.

No later than the mailing of the Class Notice, the Administrator shall establish a website containing copies of the Settlement Agreement, this Order, the Class Notice, Claim Form, and such other documents and information about the Settlement as Class Counsel and Defendants' Counsel agree upon. A completed Claim Form may be uploaded on the Settlement website. The Settlement website shall have a Uniform Resource Locator ("URL") which identifies the Settlement website as www.perrydepreciationsettlement.com, or such other URL as Class Counsel and the Defendants' Counsel agree upon. The Settlement website shall not include any advertising and shall not bear any logos or trademarks of Allstate. The Settlement website shall cease to operate, and the Administrator shall remove all information from the Settlement website, no later than when the Administrator closes the account as provided in Section 7.9 of the Settlement Agreement.

No later than the mailing of the Class Notice, the Administrator shall establish a toll-free number with script recordings of information about this Settlement, including information about the Claim Form. At the Defendants' option, the Administrator may also provide live operators during select times to answer certain basic questions about the Settlement. The Administrator shall send the Class Notice and/or the Claim Form upon request, to any Class Member. The toll-free number shall remain open and accessible through the Claim Deadline and allow for Class Members to leave recorded messages. Except for requests for the Class Notice and/or Claim Form, the Administrator will promptly advise Class Counsel and Defendants' Counsel of recorded messages left by Class Members, concerning the Action and/or the Settlement, or direct any Class Members with questions, that cannot be answered, to Class Counsel, so that Class Counsel may timely and accurately respond to such inquiries.

No later than thirty (30) days before the Claim Deadline, the Administrator shall mail a reminder Postcard Notice in the form attached as Exhibit E, containing the following information: the Claim Form submission deadline, the Settlement Website, and how to request a copy of the Claim Form.  The Postcard Notice will be mailed to each Class Member who has not submitted a Claim Form and who has not timely and properly excluded themselves from the Settlement Class.

The Court finds that the procedures set forth in the preceding paragraphs constitute reasonable and best notice practicable under the circumstances, and an appropriate and sufficient effort to locate current addresses of Class Members such that no additional efforts to do so shall be required.  The Court further finds that the Class Notice, Postcard Notice, the settlement website, and establishment of an automated toll-free telephone number, as described in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet all legal requirements, including Rule 23, the Due Process Clause of the United States Constitution, and any other applicable rules or law.

Settlement Class members may submit Claim Forms in the form attached to the Settlement Agreement as Exhibit C, requesting a Claim Settlement Payment in accordance with the terms of the Settlement Agreement.  To be considered valid and timely, a Claim Form must be complete, signed by the Class Member or their Legally Authorized Representative and either: (a) mailed to the Administrator's address, as specified in the Claim Form, and postmarked by _____; or (b) uploaded to the settlement website by _____ ("Claim Deadline").  Claim Forms may be submitted on behalf of deceased or incapacitated Class Members only by Legally Authorized Representatives with written evidence of authority.

At or before the Final Approval Hearing, the Parties shall file a proof of mailing the Class Notice and Claim Form from the Administrator.

DocuSign Envelope ID: 8C41F31F-A614-4B36-B8B9-34F3F92854C0

Class Counsel and the Defendants' Counsel, as jointly agreed, along with the Administrator, are authorized, prior to mailing, to complete any omitted information and to make any non-substantive revisions to the Claim Form and Class Notice, as necessary, that do not materially reduce the rights of Class Members in order to fulfill the purposes of the Settlement. The font size, layout, and other presentation elements of the Claim Form and Class Notice may be adjusted to accommodate printing and mailing considerations.

9. **Administrator**.  The Court preliminarily appoints Epiq Systems, Inc., as the Administrator, to implement the terms of the Settlement Agreement, and authorizes and directs the Administrator to:  (a) mail the Class Notice and the Claim Form; (b) establish the toll-free number; (c) establish the settlement website; (d) receive and process Claim Forms; and (e) carry out such other responsibilities as are provided for in the Settlement Agreement or as may be agreed to by Class Counsel and the Defendants' Counsel, all according to and as provided in the Settlement Agreement.

**Exclusion from the Settlement Class.**  Class Members who wish to opt out from the Settlement Class must mail to the Administrator a written request for exclusion, pursuant to the instructions in the Settlement Agreement and on the settlement website, postmarked no later than thirty (30) days prior to the Final Approval Hearing.

All Class Members who do not request exclusion in the manner set forth in the Settlement Agreement shall be bound by all proceedings, orders, and judgments in the Action, which will have preclusive effect in all pending or future lawsuits or other proceedings, except that Defendants, in their sole discretion, may allow a potential Class Member who does not timely request exclusion from the Settlement Class to opt out up to and including the date of the Final Approval Hearing

The Administrator shall provide Class Counsel and the Defendants' Counsel a list of all timely requests for exclusion not less than ten (10) days before the Final Approval Hearing.

11. **Objections and Appearances**. Class Members who do not request exclusion from the Settlement Class may object to the Settlement by filing with the Court, and mailing to the Administrator, a written notice of intent to object as provided in the Stipulation no later than thirty (30) days before the Final Approval Hearing. The right to object to the Settlement must be exercised individually by a Class Member, not as a member or representative of a group or subclass, except in the case of a Legally Authorized Representative on behalf of a deceased, minor, or incapacitated Class Member. To be considered, the written notice of intent to object to the Settlement must contain:

a. A heading which includes the name of the case and case number;

b. The name, address, telephone number, and signature of the Class Member (the "Objector") filing the objection;

c. The specific reasons why the Class Member objects to the Settlement;

d. The name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney; and

e. Indication of whether the objecting Class Member intends to appear at the Final Approval Hearing, either in person or through counsel.

In addition, a notice of intent to object must contain the following additional information if the Objector or his/her attorney requests permission to speak at the Final Approval Hearing:

f. A detailed statement of the specific legal and factual basis for each and every objection;

g. A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

h. A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing;

9

     i.   A list of any other objections to class action settlements filed by the Objector in any court, whether state or federal, in the United States, in the previous five (5) years; and

     j.   Documentary proof of membership in the Class.

Any Class Member, who fails to object to the Settlement in accordance with the instructions in the Settlement Agreement and on the settlement website shall be deemed to have waived any objection, shall not be permitted to be heard at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

The Administrator shall provide Class Counsel and Defendants' Counsel with copies of any and all objections received by the Administrator.

At or before the Final Approval Hearing, Class Counsel shall file with the Court an affidavit from the Administrator providing: (i) the number of Class Members who timely excluded themselves from the Settlement Class, (ii) the number of Class Members who timely submitted an objection to the Proposed Settlement, and (iii) the identity of all individuals within the proceeding sections (i) and (ii).

12.    **Preliminary Injunction**. Pending a final determination of whether the Proposed Settlement should be approved as fair, reasonable, and adequate, neither Representative Plaintiffs nor any potential Class Member who has not opted out, whether directly, indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in, support, or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against Allstate that is based on, relates to, or involves any of the claims, facts, circumstances, or subject matters of this Action or the Settlement Agreement. Accordingly, the Court hereby preliminarily enjoins Representative Plaintiffs and any Class Member who has not opted out from instituting, maintaining, prosecuting, suing, asserting or cooperating in any

action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims.

13. **Termination of Settlement**. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if final approval of the Proposed Settlement is not granted. If the Agreement is terminated, disapproved, or materially altered in whole or in part by this Court, any appellate court(s), or any other court of review, or if the Settlement Agreement is terminated as provided in Paragraphs 14.1-14.2 of the Settlement Agreement; the Settlement Agreement or any provision of the Settlement Agreement or the fact of the Settlement Agreement having been made, shall not be admissible or entered into evidence, referenced or cited for any purpose whatsoever and shall not be subject to discovery as provided in Paragraph 14.4.3 of the Settlement Agreement.

14. **Use of Order Following Termination of Settlement**. This Order shall be of no force and effect, if the Settlement does not become final, and shall not be construed or used as an admission, concession, or declaration, by or against Allstate, of any fault, wrongdoing, breach, or liability, or the appropriateness of certifying a class for litigation purposes. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Representative Plaintiffs or Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses.

Nothing in the foregoing paragraph, however, shall prohibit the offering or receipt of the Settlement Agreement into evidence in support of Court approval of same, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement,

judgment bar or reduction, or any other theory of claim preclusion, or to enforce the Settlement Agreement after Court approval, including the payment requirements thereunder.

15.     **Stay**.  Pending final determination as to whether the Settlement Agreement should be approved, all other motions, deadlines, and proceedings in this Action and not contemplated herein and in the Settlement Agreement are hereby stayed.

16.     **Necessary Steps and Good Cause Extension**.  The Court authorizes and directs the Parties to take all other necessary and appropriate steps to implement the Settlement as set forth in the Settlement Agreement.  Additionally, upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

So Ordered: _____     Date: _____
                   Hon. Christopher A. Boyko                          3/2/2023

12

DocuSign Envelope ID: 8C41F31F-4614-4B26-B8B9-34F3792854C0

# EXHIBIT B

DocuSign Envelope ID: 8C41F31F-A814-4B36-B8B9-31F3792854C0

**EXHIBIT B**

*Perry, et al. v. Allstate Indemnity Company, et al.*, Case No. 1:16-cv-01522
United States District Court for the Northern District of Ohio

## A class action settlement involving certain Ohio property insurance structural damage claims may provide payments to those who qualify.

**If your Ohio property was insured by Allstate Indemnity Company, Allstate Vehicle and Property Insurance Company, Allstate Property and Casualty Insurance Company, or Allstate Insurance Company (collectively, "Defendants") or Allstate Fire and Casualty Insurance Company, North Light Specialty Insurance Company, Encompass Insurance Company, Encompass Indemnity Company, Encompass Property and Casualty Company, Encompass Insurance Company of America, Encompass Home and Auto Insurance Company, and Esurance Insurance Company (all above entities referred to herein as "Allstate") and you made a claim to Allstate for structural damage to your property between May 16, 2015 through June 30, 2021, and you received payment from Allstate, this class action settlement may affect your rights.**

- A proposed settlement has been reached in a class action about whether Defendants properly deducted nonmaterial depreciation when adjusting certain structural loss insurance claims in Ohio.

- You may be eligible for a payment if you qualify and timely submit a valid claim form.

- Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment if you qualify. |
| ASK TO BE EXCLUDED | You get no payment.  This is the only option that allows you to ever be part of any other lawsuit against Allstate over the claims resolved by this settlement. |
| OBJECT | Write to the Court about why you don't agree with the settlement. |
| GO TO A HEARING | Ask to speak in Court about the settlement. |
| DO NOTHING | You get no payment.  You give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  If it does, and if any appeals are resolved in favor of the settlement, then money will be distributed to those who timely submit claims and qualify for payment.  Please be patient.

Para una notificación en Español, llamar o visitar nuestro website.

**EXHIBIT B**

<table>
<tr><td>WHAT THIS NOTICE CONTAINS</td></tr>
</table>

BASIC INFORMATION ........................................................................................................1
1. Why was this notice issued? ..............................................................................1
2. What companies are part of the settlement? .....................................................1
3. What is this lawsuit about? ................................................................................1
4. Why is this a class action? ................................................................................1
5. Why is there a settlement? ................................................................................1
WHO IS IN THE SETTLEMENT? .......................................................................................2
6. How do I know if I am part of the settlement? ..................................................2
7. Are there exceptions to being included in the Class? ........................................2
8. I'm still not sure I'm included. ..........................................................................2
THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY .............................3
9. How much will settlement payments be? ...........................................................3
HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM .......................................3
10. How can I get a payment? ..................................................................................3
11. When will I get my payment? .............................................................................4
12. What am I giving up to get a payment or stay in the Class? ..............................4
EXCLUDING YOURSELF FROM THE SETTLEMENT .......................................................4
13. How do I get out of the settlement? ..................................................................4
14. If I don't exclude myself, can I sue Allstate for the same thing later? ...............5
15. If I exclude myself, can I get a payment from this settlement? .........................5
THE LAWYERS REPRESENTING YOU .............................................................................5
16. Do I have a lawyer in this case? .........................................................................5
17. How will the lawyers and Class Representatives be paid? .................................5
OBJECTING TO THE SETTLEMENT .................................................................................6
18. How do I tell the Court if I don't agree with the settlement? ...........................6
19. What's the difference between objecting and asking to be excluded? ..............7
THE COURT'S FINAL APPROVAL HEARING ..................................................................7
20. When and where will the Court decide whether to approve the settlement? ....7
21. Do I have to come to the hearing? .....................................................................7
22. May I speak at the hearing? ...............................................................................7
IF YOU DO NOTHING .......................................................................................................7
23. What happens if I do nothing at all? ..................................................................7
GETTING MORE INFORMATION ......................................................................................8
24. How do I get more information about the settlement? .......................................8

DocuSign Envelope ID: 8C41F31E-A614-4B36-B8B9-31F2F92854C0

**EXHIBIT B**

**BASIC INFORMATION**

| | |
|---|---|
| **1.** | **Why was this notice issued?** |

A Court authorized this notice because you have a right to know about a proposed settlement of this class action, including the right to claim money, and about your options regarding this settlement before the Court decides whether to give "Final Approval" to the settlement. If the Court approves the parties' Class Action Stipulation of Settlement Agreement ("Settlement Agreement"), and if any appeals are resolved in favor of the settlement, then payments will be made to those who qualify and timely submit a valid Claim Form. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who may be eligible for them, and how to get them. A Claim Form is attached to this Class Notice. You can also complete a Claim Form online.

The United States District Court for the Northern District of Ohio is overseeing this class action. The case is called *Perry, et al. v. Allstate Indemnity Company, et al.*, Case No. 1:16-cv-01522. The persons that sued are called the "Plaintiffs," and the companies they sued are called the "Defendants."

| | |
|---|---|
| **2.** | **What companies are part of the settlement?** |

The settlement includes Defendant Allstate Indemnity Company, Defendant Allstate Vehicle and Property Insurance Company, Defendant Allstate Insurance Company, Defendant Allstate Property and Casualty Insurance Company Allstate Fire and Casualty Insurance Company, North Light Specialty Insurance Company, Encompass Insurance Company, Encompass Indemnity Company, Encompass Property and Casualty Company, Encompass Insurance Company of America, Encompass Home and Auto Insurance Company, and Esurance Insurance Company.

| | |
|---|---|
| **3.** | **What is this lawsuit about?** |

The lawsuit claims that Defendants improperly deducted nonmaterial depreciation when adjusting some structural loss insurance claims in Ohio.

Defendants have denied all allegations that they acted wrongfully or unlawfully.

| | |
|---|---|
| **4.** | **Why is this a class action?** |

In a class action, one or more persons or organizations called "Class Representatives" (in this case, Andrea Perry, Ning Xu, Lori Ferguson, Jason Brown, Gabriel Lado, Josephine Maniaci, Bryon Smith, and Bryan Miskovch) sued on behalf of others who have similar claims. All of those included are a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| | |
|---|---|
| **5.** | **Why is there a settlement?** |

The Court did not decide in favor of the Plaintiffs or Defendants and has not found that Defendants did anything wrong. Instead, both sides agreed to settle. That way, the parties avoid the cost of litigation, a trial and, potentially, an appeal, and the people and organizations who qualify will get compensation. The Class Representatives and their attorneys think the settlement is best for all

Class Members.  The settlement does not mean that Allstate did anything wrong, no trial has occurred, and no merits determinations have been made.

## WHO IS IN THE SETTLEMENT?

To see if you are eligible for benefits from this settlement, you first must determine if you are a Class Member.

| 6. | How do I know if I am part of the settlement? |
| --- | --- |

If you received this Notice, then you have been identified as someone who may be a Class Member. The settlement class includes: all policyholders (except for those listed in the Exclusions below) under any property insurance policy issued by Allstate, who made a Structural Loss claim for property located in the State of Ohio between May 16, 2015 through June 30, 2021, and that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld.

"Structural Loss" means physical damage to a home, building, manufactured home, condominium, rental dwelling, or other structure in Ohio while covered by a homeowners residential, manufactured home, condominium, dwelling, or rental property insurance policy issued by Allstate.

"Nonmaterial Depreciation" means Depreciation of labor costs, overhead and profit, and/or other non-material items included within Xactimate® estimating software, and specifically including Depreciation resulting from the application of either the "depreciate removal," "depreciate non-material" and/or "depreciate O&P" depreciation option settings.

"Depreciation" means the amount subtracted from the estimated replacement cost value to calculate the actual cash value, reflecting the reduction in value due to the age, condition, wear and tear, and/or obsolescence of item(s) of the damaged property.

| 7. | Are there exceptions to being included in the Class? |
| --- | --- |

Excluded from the Class are: (a) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor"; (b) policyholders who received one or more payments for a claim that exhausted the applicable limits of insurance; (c) policyholders whose claims were denied or abandoned without ACV payment(s) for any reason; (d) Allstate and their officers and directors; (e) members of the judiciary and their staff to whom this action is assigned and their immediate families; and (f) Class Counsel and their immediate families (collectively, "Exclusions").

| 8. | I'm still not sure I'm included. |
| --- | --- |

If you are not sure whether you are included in the Class, you may call the toll free number 1-_____ with questions or visit www.perrydepreciationsettlement.com.  If you do not know whether you are a Class Member, you can submit a Claim Form and your status as a potential Class Member will be determined for you.

### THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**9.    How much will settlement payments be?**

Under the Settlement, Defendants have agreed to pay Class Members as follows:

(a) Subject to the terms, limits, conditions, coverage limits, and deductibles of policies, Class Members, *who have not been previously repaid in full* for prior Nonmaterial Depreciation withholdings from an ACV Payment and timely file a valid and completed Claim Form(s) by [insert date], shall receive 100% of the net estimated Nonmaterial Depreciation that was withheld from the ACV Payment(s) and not subsequently paid, plus simple interest calculated at one-half the annual Ohio legal rate of interest for the year when the loss was reported, and the annual Ohio legal rate of interest for subsequent years after the loss.  The amount of this payment will vary based on the size of the claim and the amount of depreciation withheld;

OR

(b) Subject to the terms, limits, conditions, coverage limits, and deductibles of policies, Class Members *who have been previously repaid in full* for prior Nonmaterial Depreciation withholdings from an ACV Payment, shall receive a single payment in an amount ranging from $25 to $500 depending on the amount of Nonmaterial Depreciation originally withheld.

You must submit a Claim Form in order to determine whether you are eligible for payment and the amount of your settlement payment.  If you do not, you will not receive a settlement payment.  For additional details on the payment terms, please see the Settlement Agreement, which is available at www.perrydepreciationsettlement.com, or call toll free 1-_____.

### HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

**10.    How can I get a payment?**

To find out whether you are eligible for a payment, you must complete and return a truthful and accurate Claim Form.  **You must mail the completed Claim Form to the following address, postmarked no later than _____, ____:**

_____ Settlement
PO Box _____
_____

You can also upload to the settlement website at www.perrydepreciationsettlement.com a signed, scanned copy of a completed claim form before midnight Central Daylight Time on _____, ____.

A copy of the Claim Form was mailed with this notice.  You may obtain an additional Claim Form by calling the Administrator at _____ or by visiting www.perrydepreciationsettlement.com.  If you sign a claim form as the representative of a deceased or incapacitated Class Member, you must also submit written proof that you are the

3

Legally Authorized Representative.  If you are a contractor to whom an insurance claim was properly assigned by a policyholder, you must submit written proof of the assignment with the filed claim form.

| 11. When will I get my payment? |
|---|

If the Court grants Final Approval of the settlement, and if any appeals are resolved in favor of the settlement, then payments will be mailed to eligible Class Members after the claims administration process is completed.  This process can take time, so please be patient.

| 12. What am I giving up to get a payment or stay in the Class? |
|---|

Unless you exclude yourself, you are staying in the Class, and that means you can't sue Allstate and the Released Persons over the claims settled in this case.  It also means that all the Court's orders will apply to you and legally bind you.

If you submit a Claim Form, or if you do nothing and stay in the Class, you will agree to release all "Released Persons" of all "Released Claims."  "Released Persons" and "Released Claims" are defined in the Settlement Agreement, which you can request by calling _____ or view at: www.perrydepreciationsettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, and/or if you want to keep the right to individually sue Allstate about the issues in this case, then you must take steps to get out of the settlement.  This is called excluding yourself from—or "opting out" of—the Class.

| 13. How do I get out of the settlement? |
|---|

To exclude yourself from the settlement, you must mail a letter saying that you want to be excluded from the *Perry, et al. v. Allstate Indemnity Company, et al.*, Case No. 1:16-cv-01522 settlement.  Your letter must include your full name, address, and be signed.  You must also include a clear statement that you wish to be excluded from the settlement class.  You must mail your request for exclusion postmarked by _____ to:

_____ Settlement

PO Box _____

_____

More instructions are in the Settlement Agreement available at: www.perrydepreciationsettlement.com.  You cannot exclude yourself by phone, by email, or on the settlement website.  The right to exclude yourself from the proposed settlement must be exercised individually, not as a member of a group and, except for a deceased or incapacitated Class Member, not by another person acting or purporting to act in a representative capacity.  If you request exclusion on behalf of a deceased or incapacitated Class Member, you must also submit written proof that you are the Legally Authorized Representative.

| **14.  If I don't exclude myself, can I sue Allstate for the same thing later?** |
|---|

No.  Unless you exclude yourself, you give up any right to sue Allstate for the claims that this settlement resolves.  You must exclude yourself from the Class to sue Allstate over the claims resolved by this settlement.

| **15.  If I exclude myself, can I get a payment from this settlement?** |
|---|

No.  If you exclude yourself you will not receive a payment from this settlement.

## THE LAWYERS REPRESENTING YOU

| **16.  Do I have a lawyer in this case?** |
|---|

The Court appointed the following law firms to represent you and other Class Members as Class Counsel:

| | |
|---|---|
| Erik D. Peterson (*pro hac vice*)<br>Erik Peterson Law Offices, PSC<br>110 W. Vine Street, Suite 300<br>Lexington, KY 40507<br>Tel: 800-614-1957<br>erik@eplo.law | Stephen G. Whetstone (OH# 0088666)<br>WHETSTONE LEGAL, LLC<br>2 North Main Street, Suite 2<br>P.O. Box 6<br>Thornville, OH 43076<br>Tel: 740-785-7730<br>Fax: 740-205-8898<br>steve@whetstonelegal.com |
| James A. DeRoche (OH #0055613)<br>GARSON JOHNSON LLC<br>2900 Detroit Avenue<br>Van Roy Building, Second Floor<br>Cleveland, Ohio 44113<br>Tel: 216-696-9330<br>Fax: 216-696-8558<br>jderoche@garson.com | Patrick J. Perotti (OH # 0005481)<br>DWORKEN & BERNSTEIN CO., LPA<br>60 South Park Place<br>Painesville, OH 44077<br>Tel: 440-352-3391<br>Fax: 440-352-3469<br>pperotti@dworkenlaw.com |

You do not have to pay Class Counsel.  If you want to be represented by your own lawyer, and potentially have that lawyer appear in court for you in this case, you may hire one at your own expense.

| **17.  How will the lawyers and Class Representatives be paid?** |
|---|

Class Counsel will ask the Court for up to $5,000,000 for attorneys' fees and reasonable litigation expenses, and will ask the Court to award the Class Representatives $7,500 each for their efforts in representing the settlement class (called service awards).  Defendants have agreed not to oppose the request for fees, expenses, and service awards up to these amounts.  The Court may award less than these amounts.  Defendants will separately pay these fees, expenses, and service awards that the Court orders.  These payments will not reduce the amount distributed to Class Members. Defendants will also separately pay the costs to administer the settlement.

# OBJECTING TO THE SETTLEMENT

You can tell the Court if you don't agree with the settlement or some part of it.

| 18.   How do I tell the Court if I don't agree with the settlement? |
| --- |

If you are a Class Member, you can object to the Settlement if you don't like any part of it.  If you want to object, you must do so by the postmark deadline of _____, 2023, and submit a written objection to the Court, and send a copy to the Settlement Administrator as noted below.  You must include the name and number of the case (*Perry, et al. v. Allstate Indemnity Company, et al.*, Case No. 1:16-cv-01522); your full name, current address, telephone number, and signature (or signature of your Legally Authorized Representative); the name, current address, telephone number, and bar number of all lawyers or other persons working with, representing, or advising you in connection with your objection; a statement of your membership in the Class, including all information required by the Claim Form; the specific reasons why you object to the Settlement; a statement as to whether you intend to appear at the Final Approval Hearing in person or through counsel; and a detailed list of any other objections to class action settlement filed by the you, the objector, in any court, whether state or federal, in the United States, in the previous five (5) years.

If you do intend to appear at the Final Approval Hearing to object to the settlement, you must also provide with your written objection a detailed statement of the specific legal and factual basis for each objection; a list of any witnesses you will call at the hearing with each witness's address and summary of their testimony; a detailed description of all evidence you will offer at the hearing with copies of the documents attached; and documentary proof of your membership in the Class.  You or your lawyer may appear at the Final Approval Hearing if you have filed a written objection as provided above.

If you wish to object to the settlement and you do not serve a written objection containing all of the information listed above, you may not be permitted to object to the Settlement and may be foreclosed from challenging the Settlement by any means, including potentially through an appeal.  Members of the Settlement Class who do not timely make their objections in this manner may be deemed to have waived all objections and may not be entitled to be heard at the Final Approval Hearing.  If you have a lawyer file an objection for you, he or she must follow all of the Court's rules.

| File the written objection with the Clerk of the Court at the address below by _____.  Note: You may send it by mail, but it must be received and filed by the Clerk by _____. | And mail a copy of the objection to the settlement administrator at the following address so that it is postmarked by _____: |
| --- | --- |
| **Court** | **Administrator** |
| Clerk of Court _____ ___ | _____ Settlement PO Box _____ _____ |

**19.   What's the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class or the settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.  If you object, and the Court approves the settlement anyway, you will still be legally bound by the result.

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.

**20.   When and where will the Court decide whether to approve the settlement?**

The Court has scheduled a Final Approval Hearing at [insert time] __.m., on [insert date], at the United States District Court for the Northern District of Ohio, located at [insert address], Courtroom _____, Cleveland, Ohio.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them at that time.  The Court may listen to people who have asked to speak about their objection.  The Court may also decide how much to award Class Counsel for fees and expenses for representing the Class and how much the service awards should be for the Class Representatives.  At or after the Final Approval Hearing, the Court will decide whether to approve the settlement.  It is not known how long this decision will take.

Check the settlement website to make sure the Final Approval Hearing hasn't been rescheduled, and to see whether the Court has scheduled the hearing to proceed by video conference or teleconference only, instead of in person.

**21.   Do I have to come to the hearing?**

You are not required to attend, and Class Counsel will answer any questions that the Court may have.  If you wish to attend the Final Approval Hearing, you may come at your own expense. You may also pay your own lawyer to attend, but it's not necessary, unless you choose to have a lawyer appear on your behalf to object to the settlement.

**22.   May I speak at the hearing?**

If you submitted a proper and timely written objection to the settlement, you or your lawyer acting on your behalf may speak at the Final Approval Hearing.  You cannot speak at the Final Approval Hearing if you exclude yourself.

### IF YOU DO NOTHING

**23.   What happens if I do nothing at all?**

If you do nothing, you'll get no payment from this settlement.  But, unless you exclude yourself from the settlement, you won't be able to individually sue for the claims resolved in this case.

## GETTING MORE INFORMATION

| 24. How do I get more information about the settlement? |
| --- |

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. If you have questions or if you want to request a copy of the Settlement Agreement, which provides more information, call _____ or visit www.perrydepreciationsettlement.com.

**PLEASE DO NOT CALL OR WRITE THE COURT, THE JUDGE OR HIS STAFF, OR ALLSTATE OR DEFENDANTS' COUNSEL FOR INFORMATION OR ADVICE ABOUT THIS SETTLEMENT**

DocuSign Envelope ID: 8C41F31F-A814-4B26-B8B9-34F3793854C0

# EXHIBIT C

**EXHIBIT C**

# CLASS ACTION SETTLEMENT CLAIM FORM

Name:     Jane Doe                                    Unique ID:  XXXXXXXXXX

Address:      1234 Main Street, ____, __          PIN:  XXXX

**IMPORTANT:  You have been identified as a claimant who may be a Class Member. If you are a Class Member and fail to submit this Claim Form, then you will receive nothing, and you will be bound by the settlement. If you are a class member and timely complete and return this Claim Form by [DATE], you may receive a check.**

The records of Allstate indicate that you might be a member of the Settlement Class in the case named *Perry, et al. v. Allstate Indemnity Company, et al.*, Case No. 1:16-cv-01522 for the United States District Court for the Northern District of Ohio. However, information from Allstate's records and from you may need to be reviewed to determine whether you are a Class Member, and if so, how much money you may be entitled to receive, if the Settlement is approved by the Court.

Please read the accompanying Class Notice before you complete this Claim Form. To participate in this Settlement, your Claim Form must be completed to the best of your ability, signed, and then: (1) mailed and postmarked by [DATE]; OR (2) uploaded at www.perrydepreciationsettlement.com by [DATE].

Allstate records reflect that the following claim may be at issue in this Settlement:

Insured Name:                                    XXXXXXXXXX

Policy Number:                                   XXXXXXXXXX

Claim Number:                                    XXXXXXXXXX

Date of Loss:                                    X/X/20XX

Address of Insured Premises:                      XXXXXXXXXX

*This Claim Form applies only to the Covered Loss listed above.[1]  If you had more than one Covered Loss during the Class Period, then you may receive separate Claim Form(s) for those losses, and you must separately complete, sign, and timely mail or upload those Claim Form(s) to be eligible for payment on those losses.*

*Please do not call Allstate or your Allstate agent to discuss this Settlement or this Claim Form. Your Allstate insurance agent will not have information about this Settlement, and will not be able to assist you with this Claim Form. You may, however, continue to call Allstate or your Allstate agent regarding any other insurance matters.*

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Settlement Agreement.

*If you have any questions, please visit* www.perrydepreciationsettlement.com*, or call* _____.

### COMPLETE THE FOLLOWING QUESTIONS IF THEY APPLY:

1.  Please provide your current mailing address **only if** the address listed above is not correct.

_____

_____

2.  ***Leave this section blank unless the named policyholder(s) are deceased or incapacitated****. If the named policyholder(s) for the claim identified above are either dead or incapacitated, and you are submitting this Claim Form as the Legally Authorized Representative, please state how and when you became the Legally Authorized Representative and provide a copy of any documentation you may have supporting the fact that you are the Legally Authorized Representative.

_____

_____

3.  ***Leave this section blank if you have not assigned or been assigned an insurance claim.***  If you have signed a contract that allows another party, such as a general contractor, to recover your insurance benefits (an "assignment"), please attach a written copy of the assignment and list the name and address of the contractor to whom the insurance claim was assigned, when, and why, unless clearly identified in the attached contract.

If you are submitting this Claim Form as the contractor to whom a claim was assigned, by signing this Claim Form you agree to indemnify Allstate for any loss if the policyholder also files a Claim Form or disputes issuance of a Claim Settlement Payment to you.

_____

_____

### SIGN AND DATE YOUR CLAIM FORM:

I swear or affirm that:

I have read this Claim form; I wish to make a claim associated with this Settlement, and all of the information provided on this Claim Form is true and correct to the best of my knowledge.

_____    _____    _____
Signature                                          Print Name                                    Date

**MAIL YOUR CLAIM FORM OR UPLOAD YOUR CLAIM FORM ONLINE:**

***Once signed***, this Claim Form must be:

(1) uploaded on or before [date] at the settlement website: www.perrydepreciationsettlement.com. Please have your Unique ID noted at the top of this form available to enter as part of the upload process as well as your email address to receive a confirmation of your upload.

OR

(2) postmarked on or before [DATE], and mailed to:

*Perry, et al. v. Allstate Indemnity Company, et al.*, c/o TBD
[address]

**CLAIMS ADMINISTRATION:**

Please be patient. If you qualify for payment under the Settlement, a Settlement Check will be mailed to you, if the Settlement is approved by the Court.  If you do not qualify, a letter will be mailed to you explaining why.

DocuSign Envelope ID: 8C41F31E-A614-4B36-B8B9-34F3F928954C0

# EXHIBIT D

DocuSign Envelope ID: 8C41F31F-A614-4B36-B8B9-34F3F928F54C0

EXHIBIT D

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| **ANDREA PERRY, NING XU, LORI FERGUSON, JASON BROWN, GABRIEL LADO, JOSEPHINE MANIACI, BRYON SMITH,** and **BRYAN MISKOVCH,** individually and on behalf all others similarly situated, | ) ) ) ) ) ) | **CASE NO. 1:16-cv-01522** **JUDGE CHRISTOPHER A. BOYKO** |
| **Plaintiffs,** | ) ) |  |
| vs. | ) |  |
| **ALLSTATE INDEMNITY COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY,** and **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** |  |  |
| **Defendants.** |  |  |

## [PROPOSED] FINAL JUDGMENT ORDER

Plaintiffs Andrea Perry, Ning Xu, Lori Ferguson, Jason Brown, Gabriel Lado, Josephine Maniaci, Bryon Smith, and Bryan Miskovch (collectively, the "Representative Plaintiffs") individually and on behalf of the Settlement Class and Defendants Allstate Indemnity Company, Allstate Vehicle and Property Insurance Company, Allstate Insurance Company, and Allstate Property and Casualty Insurance Company (collectively, the "Defendants") agreed to settle this Action pursuant to the terms and conditions set forth in the Class Action Stipulation of Settlement Agreement ("Settlement Agreement"). On _____, 2023, the Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and provisionally

certified the Settlement Class for settlement purposes only, and on _____, 2023, the Court held a duly noticed final approval hearing.

Before the Court is Plaintiffs' Motion for Final Approval of Class Settlement and Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Awards (collectively, the Memoranda").

At the Final Approval Hearing, the Court considered, among other matters described herein: (a) whether certification of the Settlement Class for settlement purposes only was appropriate under Rule 23; (b) the fairness, reasonableness, and the adequacy of the Settlement Agreement; and (c) the fairness and reasonableness of Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Award.  The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and Defendants' Counsel, but also rigorously and independently evaluated the Settlement Agreement and the Memoranda, and as such, the Court considered any arguments that could reasonably be made against approval of the Proposed Settlement, even if such argument was not actually presented to the Court by objection, pleading, or oral argument.  IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1.      The terms and conditions of the Settlement Agreement are hereby incorporated as though fully set forth in this Final Judgment Order, and unless otherwise indicated, capitalized terms in this Final Judgment Order shall have the meanings attributed to them in the Settlement Agreement.

2.      The Court has personal jurisdiction over the Representative Plaintiffs, the Defendants, and Class Members.  Venue is proper and the Court has subject matter jurisdiction to approve the Settlement Agreement including all exhibits thereto, and the Court has jurisdiction to enter this Final Judgment Order.  Without in any way affecting the finality of this Final Judgment

Order, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, construction, implementation, and interpretation of the Settlement Agreement, to enter this Final Judgment Order, and dismiss this Action on the merits and with prejudice.

3.      After arms-length negotiations between experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions, the Parties reached a settlement that provides substantial benefits to the Settlement Class, in return for a release and dismissal of claims against Allstate.[1]  The Settlement was reached after the Parties had engaged in extensive and lengthy settlement negotiation sessions, including a mediation before mediator Carl Stich, and in accordance with the highest ethical standards for class action settlement negotiations, settlement relief to the class members was agreed to prior to negotiations concerning any potential award of attorneys' fees, litigation expenses, or service award.  Counsel for the Parties were, therefore, well positioned to evaluate the benefits of the Settlement, considering the risks and uncertainties of continued litigation, the time and expense that would be necessary to prosecute the Action through class certification, trial, and any appeals that might be taken, and the likelihood of success.

4.      The Court is of the opinion that the Proposed Settlement was entered into in good faith, it is a fair, reasonable, and adequate compromise of the claims against Allstate, and the prerequisites for a class action under Rule 23 have been satisfied, for settlement purposes, in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable;

---

[1] As defined in the Settlement Agreement, "Allstate" means Allstate Indemnity Company, Allstate Insurance Company, Allstate Property and Casualty Insurance Company, Allstate Vehicle and Property Insurance Company, Allstate Fire and Casualty Insurance Company, North Light Specialty Insurance Company, Encompass Insurance Company, Encompass Indemnity Company, Encompass Property and Casualty Company, Encompass Insurance Company of America, Encompass Home and Auto Insurance Company, and Esurance Insurance Company.

3

(b) there are questions of law and fact common to the Settlement Class, which common questions predominate over any questions affecting only individual members; (c) the Representative Plaintiffs and Class Counsel have, and will continue to, fairly and adequately represent the interests of the Settlement Class for purposes of the Settlement; and (d) a class action is the superior method for the fair and efficient adjudication of the controversy.  Plaintiffs' Motion for Final Approval is hereby **GRANTED** and all provisions and terms of the Settlement Agreement are hereby finally approved in all respects.  Accordingly, and pursuant to Rule 23, this Court hereby finally certifies the Settlement Class, defined as

    a.  All policyholders, (except for those explicitly excluded below), under any property insurance policy issued by Allstate, who made: (i) a Structural Loss claim for property located in the State of Ohio between May 16, 2015 through June 30, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld.

    b.  Excluded from the Settlement Class are:

Policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor";

Policyholders who received one or more payments for a claim that exhausted the applicable limits of insurance;

Policyholders whose claims were denied or abandoned without an ACV payment for any reason;

Allstate and its officers and directors;

Members of the judiciary and their staff to whom this Action is assigned and their immediate families; and,

Class counsel and their immediate families.

    5.    Pursuant Rule 23(g) the Court appoints Erik D. Peterson of Erik Peterson Law Offices, PSC; Stephen G. Whetstone of Whetstone Legal, LLC; James A. DeRoche of Garson

Johnson LLC; and Patrick J. Perotti of Dworken & Bernstein Co., LPA as Class Counsel for the Settlement Class.

6.     Pursuant to Rule 23(a) the Court appoints Plaintiffs Andrea Perry, Ning Xu, Lori Ferguson, Jason Brown, Gabriel Lado, Josephine Maniaci, Bryon Smith, and Bryan Miskovch as the Representative Plaintiffs for the Settlement Class.

7.     The Court makes the following findings with respect to Class Notice to the Settlement Class:

    a.     Class Counsel has filed with the Court a declaration from the Administrator establishing that the Class Notice and Claim Form were mailed to Class Members on ___, 2023, the settlement website was established on ___, 2023, and the toll-free number was available beginning ___, 2023.

    b.     The Court finds that the Class Notice, Postcard Notice, the establishment of a toll-free, number, and the settlement website, all as provided for in the Settlement Agreement and the Preliminary Approval Order: (i) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with all legal requirements, including the requirements of Rule 23, the Due Process Clause of the United States Constitution, and any other applicable rules or law.

8.     The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that Defendant has fully complied with such notice requirements.  Defendants have complied with all notice obligations in connection with the proposed Settlement.

9.     The Settlement provides substantial monetary benefits to Class Members who timely submit completed a Claim Form(s).  In addition, Defendants have agreed to fund the costs of notice and settlement administration.  The claims procedure established under the Settlement Agreement is uniform and fair, and provides Class Members with an extended and ample opportunity to receive settlement payments as described in the Settlement Agreement.

DocuSign Envelope ID: 8C41F31F-A614-4B36-B8B9-34F3792854C0

10.     Claim Settlement Payments to Class Members who timely file a completed Claim Form shall be made in the amounts, within the time period, and in the manner described in the Settlement Agreement.

11.     All potential Class Members were provided an opportunity to request exclusion as described in the Settlement Agreement and on the settlement website.  The Court finds that the individual interests of the persons who timely sought exclusion from the Settlement Class are preserved and that no Class Member was precluded from being excluded from the Settlement Class if he or she so desired.  Those Class Members who timely and properly excluded themselves from the Settlement Class are identified in the attached Exhibit _.

12.     ___ objections to the Settlement were filed.

13.     The relative lack of exclusion requests and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

14.     Class Members, who did not timely file and serve an objection in writing in accordance with the procedure set forth in the Settlement Agreement and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

15.     Upon the entry of this Final Judgment Order, the Representative Plaintiffs, all Class Members who did not timely and property exclude themselves from the Settlement Class, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Judgment Order and shall be conclusively deemed to have fully released, acquitted, and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined herein and in the

Settlement Agreement, and shall be conclusively bound by this Final Judgment Order under the

doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue

any Released Person with respect to any Released Claims.  The Representative Plaintiffs and all

Class Members who did not timely and properly exclude themselves from the Settlement Class

shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are

a material part of the Settlement Agreement.  The Settlement Agreement shall be the exclusive

remedy for all Class Members with regards to Released Claims.

16.     Although the definitions in the Settlement Agreement are incorporated in, and are

a part of this Final Judgment Order, the following definitions from the Settlement Agreement are

repeated for ease of reference.

> i.   "Released Claims" means and includes any and all claims, Unknown Claims, rights, demands, actions, causes of action, allegations, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorneys' fees and costs, liens, and judgments, of any kind whatsoever that each Releasing Person has or may have had prior to the Effective Date and arising from a loss during the Class Period, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual, punitive, and/or exemplary damages), and whether arising under or based on contract, extra-contractual or tort theories, at law or in equity, or under federal, state, or local law, statute, ordinance, rule or regulation, whether asserted individually or in a representative capacity, whether past or present, mature or not yet mature, known or unknown, that the Plaintiffs or any Class Members have or may have had against any of the Released Persons that relate to, concern, arise from, or pertain in any way to:  (i) Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss; or (ii) the allegations and claims contained in the Action or which could have been alleged in the Action concerning the alleged systematic practice of deducting Nonmaterial Depreciation through claims estimating software.
>
> Released Claims do not include:  (a) claims arising after the date of Preliminary Approval; (b) Class Members' rights and obligations under the Settlement Agreement; and (c) the rights of potential Class Members who timely and properly submit a request for exclusion from the Settlement Class in accordance

with this Agreement; and (d) any Class Member from recovering any replacement cost benefits (exclusive of Nonmaterial Depreciation addressed in Sections 9.1.1 and 9.1.2 of the Settlement Agreement) that may still remain available under the terms of his or her policy.

ii. "Released Persons" means (i) Allstate and all its past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (ii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i).

iii. "Releasing Persons" mean Plaintiffs and all Class Members who do not properly and timely opt out of the Settlement Class, and their respective spouses or domestic partners, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

17. The Representative Plaintiffs and Class Counsel have represented and warranted that there are no outstanding liens or claims against the Action and have acknowledged that the Representative Plaintiffs and Class Counsel will be solely responsible for satisfying any liens or claims asserted against the Action.

18. This Final Judgment Order, the Settlement Agreement, the negotiations leading to the Settlement, the proceedings relating to the Settlement, administration of the Settlement, and any pleadings, motions, or other document related in any way to the Settlement Agreement shall not be:

a. Construed as an admission or concession by Allstate of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of Allstate;

b. Offered into evidence in this Action, or in any other proceeding, in support of, or in opposition to any potential motion to certify or decertify; and

c. Used in any way as precedent for any purportedly similar matter.

19.     Nothing in the foregoing paragraph, however, shall prohibit the offering or receipt of the Settlement Agreement into evidence for purposes of enforcing the Settlement or to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion.

20.     Confidential Information of Allstate shall be protected from disclosure and handled in accordance with the terms of the Settlement Agreement, and Class Counsel and any other attorneys for Plaintiffs in this Action shall destroy or return to Defendants' Counsel all Confidential Information, in their possession, custody, or control as set forth in the Settlement Agreement.

21.     Pursuant Rule 23, Class Counsel's motion concerning attorneys' fees, litigation costs, and a service award is hereby **GRANTED**.  The Court hereby awards Class Counsel attorneys' fees and reasonable litigation expenses in the total amount of $_____, payable by the Defendants pursuant to the terms of the Settlement Agreement.  The Court also awards service awards in the amount of $_____ to each of the Representative Plaintiffs payable by the Defendants pursuant to the terms of the Settlement Agreement.  Allstate shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto of attorneys' fees and expenses awarded by the Court.

22.     The Court appoints the Honorable Magistrate Judge Stephen C. Williams (Ret.) as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Settlement Agreement.  Plaintiffs, Class Counsel, Allstate, and Defendants' Counsel shall not be liable for any act or omission of the Neutral Evaluator.

DocuSign Envelope ID: 8C41F31F-4614-4B36-B8B9-34F3792854C0

23.     If the Effective Date does not occur, this Final Judgment Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

24.     In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Judgment Order, the Court permanently and forever bars and enjoins the Representative Plaintiffs and all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims.  Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction.

25.     Within 10 days after the Effective Date, the Representative Plaintiffs and Class Members shall dismiss, with prejudice, all Released Claims asserted in any actions or proceedings that have been brought by or involve any Class Member in any jurisdiction.

26.     The Action is dismissed in its entirety on the merits, with prejudice, without leave to amend, and without fees or costs to any party, except as otherwise provided herein.

27.     The Parties are hereby directed to implement and consummate the Settlement, according to the terms and provisions of the Settlement Agreement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

28.     The Court hereby enters Final Judgment, as described herein, and expressly determines that there is no just reason for delay.

So Ordered: _____     Date: _____
                    Hon. Christopher A. Boyko

DocuSign Envelope ID: 8C41F31F-4614-4B36-B8B9-34F3792854C0

# EXHIBIT E

**EXHIBIT E**

**IMPORTANT NOTICE** – You are receiving this notice, because you are possibly a member of a class action lawsuit involving Allstate and you have not submitted a Claim Form.

You were previously mailed a court-authorized Class Notice explaining that you may be a Class Member in this lawsuit over whether Defendants properly deducted Nonmaterial Depreciation when adjusting insurance claims in Ohio. Your Class Notice included a Claim Form.

**Our records indicate that you have not submitted a Claim Form. If you fail to timely submit a Claim Form then you will not receive any payment(s).**

This is only a reminder. For more information or details regarding the Proposed Settlement, including who is included in the Settlement Class and important deadlines, please review the Notice or the settlement website at www._____ or call: 1-XXX-XXX-XXXX. You may request another Claim Form by visiting the Settlement Website or calling the toll-free number above. Please do not call your Allstate agent.

You will not receive any claim payment if you do not timely mail or upload a completed Claim Form.

Completed Claim Forms must be mailed to:

_____[insert address]_____
_____
_____

**YOUR COMPLETED CLAIM FORM MUST BE SUBMITTED OR POSTMARKED NO LATER THAN [DATE].**